# MOSHEUVEL *v.* DISTRICT OF COLUMBIA.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 6. Argued October 13, 1903.—Decided November 30, 1903.

There is no rule of law in the District of Columbia that where a defect exists in a highway and is known to one who elects to use such highway such election, even if justified by the dictates of ordinary prudence must, as a matter of law, entail the consequences of a want of ordinary care and prudence.

Where a hole exists in a sidewalk as the result of negligence on the part of the authorities, and renders ingress and egress from a house more or less dangerous, it is not such contributory negligence *per se* on the part of an occupant of such house having knowledge of the hole to try to step over it, as had been done on previous occasions, instead of going around it as will justify the direction of a verdict for the defendant.

It is for the jury to determine from all the conditions whether the situation of the defect and the hazard to result from an attempt to step over it was so great that plaintiff, with the knowledge of the situation, could not as a reasonably prudent person have elected to step over, instead of going around it.

THE facts are stated in the opinion of the court.

*Mr. Henry E. Davis* and *Mr. Charles Cowles Tucker* for plaintiffs in error:

The *Brewer* case, 7 App. D. C. 113, which was the authority for dismissing this case is not analogous and if it were the decision in that case is erroneous. See *Coffin* v. *Inhabitants of Palmer*, 162 Massachusetts, 192; *Maultby* v. *Leavenworth*, 28 Kansas (2d ed.), 531; *Huntington* v. *Breen*, 77 Indiana, 29.

The lower court adopted the theory that mere knowledge of a defect in the highway will preclude recovery from a municipality for an injury received. In this case the testimony shows that the injury was largely caused by a miscalculation or error of judgment. The authorities are clear that mere error of judgment does not amount to contributory negligence *per se*, *McClain* v. *Railroad*, 116 N. Y. 459, and mere miscalculation as to one's proximity to the known dangerous part of a highway will not have the effect of establishing conclusively a want of ordinary care. *Blood* v. *Tyngsborough*, 103 Massachusetts, 509; *Jones* v. *R. R. Co.*, 128 U. S. 443.

That mere knowledge of a dangerous defect in a sidewalk is sufficient to preclude recovery regardless of circumstances is not the law. *Kane* v. *Northern Central R. Co.*, 128 U. S. 91; *East St. Louis* v. *Donahue*, 77 Ill. App. 574, distinguishing *Kewanee* v. *Depew*, 80 Illinois, 119, and see *Graney* v. *St. Louis*, 141 Missouri, 185; *Seybold* v. *R. R. Co.*, 18 Ind. App. 390; *R. R. Co.* v. *Crist*, 116 Indiana, 446; *Corts* v. *Dist. of Col.*, 5 Mackey, 286; *Clayards* v. *Dethick*, 12 Ad. & Ellis, 439; 64 Eng. Com. Law Rep. 439; *Williamsport* v. *Lisk*, 21 Ind. App. 414. One injured upon a street he knew to be dangerous need not show that he exercised *extraordinary* care while upon such street. *Hanlon* v. *Keokuk*, 7 Iowa, 488. A *fortiori* he is not obliged to keep off from such a street altogether. *Rice* v. *Des Moines*, 40 Iowa, 638; *Reed* v. *Northfield*, 13 Pick. 94. He may proceed, if consistent with reasonable care to do so; and his negligence is a question for the jury, depending on all the surrounding cir-

cumstances. *Kelly* v. *Fon du Lac*, 31 Wisconsin, 179. A person having knowledge of a defect or obstruction is bound to use care according to the circumstances to avoid injury. *Smith* v. *Smith*, 2 Pick. 621; *Thompson* v. *Bridgewater*, 7 Pick. 188; *Rindge* v. *Coleraine*, 11 Gray, 157; *Crumpton* v. *Solon*, 11 Maine, 335; *Jacobs* v. *Bangor*, 16 Maine, 187; *Garmon* v. *Bangor*, 38 Maine, 443; *Noyes* v. *Morristown*, 1 Vermont, 353; *Folsom* v. *Underhill*, 36 Vermont, 580; *Koch* v. *Edgewater*, 14 Hun, 544; *Nicks* v. *Marshall*, 24 Wisconsin, 139; *Earleville* v. *Carter*, 2 Bradw. 34; *Craig* v. *Sedalia*, 63 Missouri, 417; *Moore* v. *Shreveport*, 3 La. Ann. 645.

Accordingly, if the obstruction or defect in the highway is of such a nature that it will be consistent with reasonable care to attempt to pass by it, one using the highway is entitled to make the attempt. *Thomas* v. *Western Union Tel. Co.*, 100 Massachusetts, 156–158; *Fox* v. *Glastenbury*, 29 Connecticut, 204; *Baltimore* v. *Holmes*, 39 Maryland, 243; *Gilbert* v. *City of Boston*, 139 Massachusetts, 313; *Kane* v. *Nor. Cent. R. R. Co.*, 128 U. S. 94; *Commissioners* v. *Burgess*, 61 Maryland, 31; *Commissioners* v. *Broadwaters*, 69 Maryland, 533; *Nichols* v. *Laurens*, 96 Iowa, 380; *Fitzgerald* v. *Conn. River Paper Co.*, 155 Massachusetts, 155; *Lyman* v. *Inhabitants of Amherst*, 107 Massachusetts, 339; Elliott on Roads & Streets, 2d ed., sec. 636, and cases cited. For other cases in the different States, see *Reed* v. *Northfield*, 13 Pick. 94; *Smith* v. *Lowell*, 6 Allen, 39; *Snow* v. *Railroad*, 8 Allen, 441, 450; *Frost* v. *Waltham*, 12 Allen, 85; *Fox* v. *Sackett*, 10 Allen, 535; *Mahoney* v. *Railroad*, 104 Massachusetts, 73; *Lyman* v. *Amherst*, 107 Massachusetts, 339; *Whitaker* v. *Boylston*, 97 Massachusetts, 273; *Humphreys* v. *Armstrong Co.*, 36 Penna. St. 204; *Smith* v. *St. Joseph*, 55 Missouri, 449; *Rice* v. *Des Moines*, 40 Iowa, 638; *Griffin* v. *Auburn*, 58 N. H. 121; *Erd* v. *St. Paul*, 22 Minnesota, 443; *Aurora* v. *Dale*, 90 Illinois, 46; *Dooley* v. *Meriden*, 44 Connecticut, 118; *Turnpike Co.* v. *Jackson*, 86 Indiana, 111; *Coates* v. *Canaan*, 51 Vermont, 131; *Montgomery* v. *Night*, 72 Alabama, 411; *Bullock* v. *New York*, 99 N. Y. 654; *Pomfrey*

v. *Saratoga,* 104 N. Y. 459; *Noble* v. *Richmond,* 31 Gratt. 271.

Mere knowledge of a defect in a street will not preclude recovery from injury received. *Whitford* v. *Southbridge,* 119 Massachusetts, 564; *Stevens* v. *Walpole,* 76 Mo. App. 226; *Griffin* v. *Lewiston,* 55 Pac. Rep. 545; *Schwingschlegl* v. *Monroe,* 113 Michigan, 683; *Frankfort* v. *Coleman,* 19 Ind. App. 373; *Boulton* v. *Columbia,* 71 Mo. App. 523; *Waltemeyer* v. *Kansas City,* 71 Mo. App. 358, citing *Gerdis* v. *Iron & Foundry Co.,* 124 Missouri, 347; *Taylor* v. *Springfield,* 6 Mo. App. 263; *Bouga* v. *Weare,* 109 Michigan, 520; *Nichols* v. *Laurens,* 96 Iowa, 388; *Albion* v. *Hetrick,* 90 Indiana, 545; *Sandwich* v. *Dolan,* 141 Illinois, 430, citing 136 Illinois, 45; 138 Illinois, 465; *Gosport* v. *Evans,* 112 Indiana, 133; *Columbus* v. *Strassner,* 124 Indiana, 482. "Whether the plaintiff was guilty of negligence in walking upon one part of the sidewalk rather than upon another was 'certainly not a question of law, and was properly left to the jury.'" *Lincoln* v. *Power,* 151 U. S. 441.

*Mr. Andrew B. Duvall,* with whom *Mr. Edward H. Thomas* was on the brief, for defendant in error:

The only question involved is the right of the court to take the case from the jury on the showing by the plaintiff that her own carelessness directly contributed to the injury sustained by her. One who, knowing the defective condition of a sidewalk, ventures upon it without taking the precaution necessary to prevent a fall, and is injured, cannot recover. *Aurora* v. *Brown,* 11 Ill. App. 422; *Mayhew* v. *Burns* (Ind.), 2 N. E. Rep. 793; *Erie* v. *Magill,* 101 Pa. St. 616; *Schaeffer* v. *Sandusky,* 33 Ohio St. 246; *Wilson* v. *Charlestown,* 8 Allen, 137; *Parkhill* v. *Brighton,* 61 Iowa, 103; *Cook* v. *Johnson,* 58 Michigan, 437; *Black* v. *Manistee,* 107 Michigan, 60; *Grandorf* v. *District, etc.,* 113 Michigan, 496; *Kelly* v. *Doody,* 116 N. Y. 275; *Irion* v. *City of Saginaw,* 79 N. W. Rep. 572. One cannot assume a position of danger and then complain of injury from negligence which could cause no injury except to one in that dangerous

position. *R. R. Co.* v. *Jones,* 95 U. S. 439; *R. R. Co.* v. *Houston,* 95 U. S. 697; *Dist. Col.* v. *Moulton,* 182 U. S. 576, 582. Had the case been submitted to the jury and verdict rendered for plaintiff it would have been the duty of this court to set it aside. *Schofield* v. *Chicago, M. & St. P.,* 114 U. S. 615, and cases therein cited.

Plaintiff knew that the sidewalk was dangerous, and that it was really doubtful whether she could travel upon it without accident; it was therefore not consistent with ordinary care for her to attempt to pass over it, especially as she could take another safe and convenient way to her destination. The plaintiff having preferred to take her chances with the known danger, and having met with the very accident that she had reason to and did expect, she cannot lawfully recover. 7 Am. & Eng. Enc. Law, 2d ed., 454; *Wilson* v. *City of Charlestown,* 8 Allen, 137; *Boyle* v. *Borough of Mahanoy City,* 187 Pennsylvania, 1; *City of Erie* v. *Magill,* 101 Pennsylvania, 616; *Hesser* v. *Grafton* (W. Va.), 11 S. E. Rep. 211; *City of Quincy* v. *Baker,* 81 Illinois, 300; *City of Centralia* v. *Krouse,* 64 Illinois, 19; *Durkin* v. *City of Troy,* 61 Barb. 437; *Schaeffer* v. *City of Sandusky,* 33 Ohio St. 246; *Burker* v. *Town of Covington,* 69 Indiana, 33; *Town of Boswell* v. *Wakley,* 149 Indiana, 64; *City of Bloomington* v. *Rogers* (Ind. Sup.), 36 N. E. Rep. 439; *Rogers* v. *City of Bloomington* (Ind. App.), 52 N. E. Rep. 242; *Corlett* v. *City of Leavenworth,* 27 Kansas, 673; *Wright* v. *City of St. Cloud* (Minn.), 55 N. W. Rep. 819; *Gilman* v. *Deerfield,* 15 Gray, 577. Inadvertence does not excuse. *Burker* v. *Covington, supra; Kelly* v. *Doody,* 116 N. Y. 581; *McClain* v. *Brooklyn R. R. Co.,* 116 N. Y. 465; *Blood* v. *Tynsborough,* 103 Massachusetts, 509.

MR. JUSTICE WHITE delivered the opinion of the court.

The plaintiffs in error—husband and wife—sued to recover the amount of the damage alleged to have been sustained from a personal injury suffered by the wife as the result of a fall on a sidewalk in the District of Columbia. We shall hereafter refer to the wife as the plaintiff. The fall was alleged

to have been caused by a hole resulting from an uncovered
water-box in the sidewalk, which appliance for a long time
had been allowed to be in a dangerous condition through the
neglect of the defendant. At the close of the evidence the
court instructed a verdict for the defendant on the ground of the
contributory neglect of the plaintiff; and, on appeal, the ac-
tion of the court in so doing was affirmed. 17 App. D. C. 401.

It is not contended at bar, if it be found that error was com-
mitted in taking the case from the jury because of the con-
tributory neglect of the plaintiff, nevertheless, the judgment
should be affirmed because there was no adequate proof to go
to the jury on the question of the negligence of the defendant.
The sole controversy, hence, is whether the case was rightly
taken from the jury, because, as a matter of law, contributory
neglect on the part of the plaintiff was demonstrated.

Two elements of fact are involved in determining whether
the alleged contributory neglect of the plaintiff was a question
for the jury or for the court. The first is, what were the un-
disputed facts; and the second, whether such facts necessarily
engender the ultimate inference of fact as to contributory neg-
lect. The elementary law is, that issues of fact are to be de-
cided by the jury. But where the probative facts are undis-
puted and where all reasonable minds can draw but one in-
ference from them, the question to be determined is one of
law for the court. *Marande* v. *Texas & Pacific R. Co.*, 184
U. S. 173, 186, and cases reviewed and cited.

In other words, the principle is that where there is no dis-
puted issue of fact and in reason no controversy as to the in-
ferences to be drawn from the undisputed facts, there can be
no real question of fact to be passed on by the jury. Were
the facts bearing on the question of contributory negligence
undisputed, and if so, could reasonable minds deduce only one
inference from them? The court below recited what it deemed
to be the undisputed facts concerning the water-box and the
events which took place at the time of the fall of the plaintiff
on the sidewalk, as follows. 17 App. D. C. 405.

"The water-box was in the sidewalk at the bottom of three steps which led from a brick-paved landing at the front of the plaintiff's house; and there was no place of egress from the house to the street other than by these steps. The box was so situated about midway of the steps that, in order to go from the lowest step to the sidewalk, it was necessary to go either to the right or to the left, which it would have been safe to do, or to take an unusually long step, at all events, unusually long for the female plaintiff, in order to step over the box and clear it. It was about four inches square, projecting irregularly above the level of the street, and was without covering of any kind; and its condition was known to the District authorities, for the inspector of plumbing, who had come to the house at the plaintiff's request to inspect the plumbing, had made some remark to her about it. It was in the same dangerous condition at the time of the commencement of the plaintiff's occupancy of the house about nine months before the accident, and so remained without change. And it may be added that it was visible from the door of the plaintiff's house.

"It appeared in evidence that a lady had stumbled over the obstruction in the early summer of 1899, and that the plaintiff herself had stumbled over it once before, although, as she testified, she always tried to be careful, and usually went to one side or the other, and not over the box, for which, as she knew, an unusually long stride was necessary.

"On the day of the accident mentioned in the declaration the plaintiff was going out to visit a neighbor in an adjacent house. She testified that from the time she left her door, she had the box in view a part of the time, and had it in mind all the time and remembered its dangerous character; but that on this occasion she attempted to step over it, instead of going to one side, did not take a sufficiently long step, and put her foot into the hole and was thrown, with the result that she suffered serious injury. This is the substance of her testimony in the case, which is set out more in detail in the bill of exceptions. But into that detail it is unnecessary for us here to enter."

We think the facts thus recited were undisputed, except as regards the statement that it would have taken "an unusually long step, at all events, unusually long for the female plaintiff, in order to step over the box and clear it." True, a statement to that effect was made by the injured woman while under cross-examination, but she subsequently qualified this by saying that she "judged" that she would have to take an unusually long step to pass over the box. The defendant, moreover, introduced testimony, as to which there was no dispute, concerning the situation of the water-box and its dimensions, by which it was shown that the north, that is, the outer, side of the water-box was four inches from a line drawn from the tread of the step nearest the sidewalk to the ground. The undisputed testimony, therefore, was not that it would require an unusually long step, or, at all events, one unusually long for plaintiff, to clear the water-box, but that she *judged* it would require such a step on her part, descending from an elevation, to clear the box, although to do so would have required the making of a step covering but a distance of four inches. Were the undisputed facts as thus corrected of such a nature as to compel every reasonable mind to draw the inference that the plaintiff had been guilty of contributory negligence?

To determine the answer proper to be given to this question requires an ascertainment of the extent of the care which the law exacted under the conditions shown by the undisputed facts in the case.

The extent of the legal duty which the court below deemed rested upon the plaintiff must be ascertained from the following and only passage referring to the subject contained in its opinion, p. 406:

"The case is in some respects a very meritorious case. The injured plaintiff has stated the circumstances most fairly and honestly, and her testimony is worthy of all commendation. She was almost lured to her injury by the continued neglect of the District to remove the dangerous obstruction, which

was only one specimen of many such obstructions occurring to the common knowledge of all citizens in the streets and highways of this city, and which could be removed by reasonably careful inspection and at a greatly less cost than the amount of any one verdict against the District that has been recovered in any such case. Nevertheless, despite the fact that the negligence of the District has been great and is almost confessed on the record, we can find no difference in principle between this case and that of *Brewer* v. *District of Columbia,* upon the authority of which the court below proceeded. See, also, the case of *Kelly* v. *Doody,* 116 N. Y. 575.

"In pursuance of the decision in the *Brewer* case, and leaving the parties to their ultimate appeal to the Supreme Court of the United States, we must affirm, with costs, the judgment of the Supreme Court of the District of Columbia in the premises."

As the rule of law which the court deemed to be applicable was thus stated solely by reference to a prior case which the court had decided, that case must be examined to determine whether the extent of the duty which the court was of opinion rested upon the plaintiff in this case was correctly defined. *District of Columbia* v. *Brewer*—the case referred to—was decided in 1895. 7 App. D. C. 113. The case was this: The property owners on Brown street had constructed along a side of that street, where there was no paved sidewalk, a board walk. After the erection of this structure the District of Columbia graded the street, so that the bed of the street was lower than the board sidewalk by about ten inches. When this grading was done, at the request of the property owners the board walk was left undisturbed. One of the residents of the street made a driveway from his premises to the street, cutting out for such purpose a space through the board walk ten feet wide. On a winter night, snow being on the ground, Brewer, the plaintiff in the case, was on his way to his home, which could have been reached by another street than the one on which the board walk was situated. Brewer knew the

situation of the board walk above the grade and the cut through it for the private roadway. As, however, the street upon which the board walk existed was lighted and the other street was not, and as there was less snow on the board walk than in the center of the street, Brewer chose to use the lighted street, and in doing so to walk along the board walk instead of going into the middle of the street. On arriving at the commencement of the board walk he stepped up thereon and on reaching the point where the board walk had been cut for the driveway, he fell and suffered the injury for which he sought compensation. There was a verdict in his favor. The appellate court, after saying that the proof clearly established negligence on the part of the District of Columbia, approached the question of the contributory negligence of the plaintiff. It pointed out that the plaintiff knew of the dangerous condition of the board walk when he chose to go along it, and the magnitude of the risk which was taken by him in using the board walk in the night time with the snow on it was referred to. The court, then, described what took place at the moment when Brewer suffered the fall at the place where the roadway had been cut, and observed (p. 116): "A similar accident might have befallen him had he slipped at any other point and fallen from the raised board walk." This remark would tend to indicate that it was deemed that the board walk from its elevation above the grade with snow on it was equally dangerous at all points to the knowledge of Brewer as it was at the driveway. The statements previously referred to were, however, immediately followed by this:

"But, be that as it may, he deliberately took the risk of walking along this dangerous sidewalk and received his injury in so doing. As this plainly appeared from the testimony of the plaintiff himself, who seems to have testified with perfect fairness, and there was no other evidence, the court should have instructed the jury to return a verdict for the defendant."

From this analysis of the opinion in the Brewer case we find it difficult to say precisely upon what theory the ruling there

made was treated as decisive of this case. We say this for the
reason that the conclusion of the court in that case would
seem to have been placed upon the very dangerous condition
of the street and the extreme hazard arising from its use under
the circumstances, thus precluding every reasonable inference
that Brewer could, consistently with ordinary prudence, have
elected to use the street at the time and under the conditions
shown by the undisputed proof. It is insisted, however, that
the *Brewer* case was held by the court below to be applicable
to this, because it was deemed that it had been decided in that
case that where a defect existed in a highway, and was known
to one who elected to use such highway, such election, even
if it were justified by the dictates of ordinary prudence, never-
theless must be held, as a matter of law, to entail the conse-
quences of a want of ordinary care and prudence. And this
proposition substantially embodies the asserted principle of
law which was relied upon at bar as sustaining the judgment
below.

We are of the opinion, however, that the rule as thus con-
tended for is unfounded in reason and unsupported by the
weight of authority. When analyzed the proposition comes
to this, that no person can, as a matter of law, without assum-
ing all the risk, use the streets of a municipality where he
knows of a defect therein, even although it be that in the
exercise of a sound judgment, it might be deemed that with
ordinary care and prudence the street could be used with
safety. The result of admitting the doctrine would be to hold
that all persons in making use of the public streets assumed
all risks possibly to arise from every known defect or danger.
That this is the result of the proposition may be aptly illus-
trated. Take a street across which runs a railroad track,
whereon cars are moved by steam or other motive power.
All persons knowing of this fact would know also that there
was some danger in crossing. They, therefore, must either
abstain altogether from crossing, or, if they do so, be subject
as a matter of law to the consequence of the reckless opera-

tion of the railway, without reference to the care exercised in the use of the street for the purpose of crossing. Indeed, the proposition would imply that every one who used the public streets with the knowledge of a defect existing therein would be guilty, if an injury was by them suffered as a result of such defect, of contributory negligence without the existence of any neglect whatever; for this would necessarily result from saying that one who had made a careful use of the streets was yet guilty of neglect in doing so. Reduced to its last analysis, the principle contended for but asserts that the ordinary rules by which negligence is to be determined do not apply to the use of the public streets, since those who use such streets with a knowledge of a possible danger to arise from a defect therein must, as a matter of law, have negligence imputed to them, although in choosing to make use of the streets and in the mode of use the fullest possible degree of judgment and care was exercised. The result of this would be to relieve the municipality of all duty and consequent responsibility concerning defects in highways, provided only it chose to give notice of the existence of the defects.

There may undoubtedly be found in some of the adjudged cases, concerning the right to recover for damage suffered from the neglect of a municipality to repair a highway, expressions which lend support to the proposition relied on, and it may be true to say, also, that there are some cases which seem to directly support the contention. But, as we have shown, such a doctrine is inconsistent with reason, and, as we shall now proceed to point out, is in conflict with what we deem to be the weight of authority. In *Dewire* v. *Bailey*, 131 Massachusetts, 169, the action was brought to recover from the owner of a building for damages occasioned to one who had fallen on a plank sidewalk, covered with snow and ice, on his way out of the building. The proposition was that the injured person knew of the existence of the snow and ice on the walk, and, therefore, by electing to use it assumed the risk, and was, as a matter of law, conclusively presumed to be deemed guilty

of contributory negligence. In reviewing this contention, the court, through Field, J., said (p. 170):

"The rulings of the justice presiding at the trial all rest upon the proposition that knowledge on the part of the plaintiff, at the time he entered upon the sidewalk, of the accumulation of snow and ice and of the unsafe condition of the sidewalk resulting therefrom, is in law conclusive evidence that he was not in the exercise of due care in attempting to pass over the sidewalk.

"*Looney* v. *McLean*, 129 Massachusetts, 33, was an action by a tenant of a part of a building against the landlord to recover for injuries received in consequence of the giving way of one of the steps of a staircase used in common by the tenants, for the safe condition of which the landlord was responsible, and it was held 'that the fact, if proved, that the plaintiff had previous knowledge that the stairs were in a dangerous condition, would not be conclusive evidence that the plaintiff was not in the exercise of due care;' and *Whittaker* v. *West Boylston*, 97 Massachusetts, 273, and *Reed* v. *Northfield*, 13 Pick. 94, are cited. Other recent cases to the same effect are *George* v. *Haverhill*, 110 Massachusetts, 506; *Whitford* v. *Southbridge*, 119 Massachusetts, 564; *Lyman* v. *Amherst*, 107 Massachusetts, 339; *Mahoney* v. *Metropolitan Railroad*, 104 Massachusetts, 73; *Thomas* v. *Western Union Telegraph*, 100 Massachusetts, 156; *Worden* v. *New Bedford*, ante, 23."

The court further said:

"In *Mahoney* v. *Metropolitan Railroad*, *ubi supra*, it was held 'that the fact that the plaintiff saw the obstruction created by the defendant, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who, in the lawful use of a highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party. In the case at bar, if the plaintiff had reasonable cause to believe that he could pass the

obstruction in safety, and used reasonable care in the attempt, he is entitled to recover.'

"It is evident that an obstruction may be of such a character that a court can say, as a matter of law, that no person in the exercise of reasonable prudence would attempt to pass over it; but the accumulation of snow and ice, such as is described in the exceptions in this case, does not in our opinion constitute such an obstruction. . . .

"We think the law in a case of this kind is, that only when the nature of the obstruction is such that the court can say that it is not consistent with reasonable prudence and care that any person having knowledge of the obstruction should proceed to pass over it in the manner attempted, can the court rule that such knowledge prevents the plaintiff from maintaining his action; and that the nature of the obstruction in this case, as shown by the exceptions, was such that it ought to have been submitted to the jury to determine whether the plaintiff, even if he knew the condition of the sidewalk at the time he attempted to pass over it, was, under the circumstances, in the exercise of reasonable prudence and due care in attempting to pass over it in the manner he did."

And the principle announced in the cases just referred to was substantially reiterated in *Pomeroy* v. *Westfield*, 154 Massachusetts, 462; *Fitzgerald* v. *Conn. River Paper Co.*, 155 Massachusetts, 155; *Coffin* v. *Palmer*, 162 Massachusetts, 192, and *Shipley* v. *Procter*, 177 Massachusetts, 498.

Although in New York the burden in negligence cases is cast upon the plaintiff to show affirmatively his observance of due care, the rule for determining the existence of contributory negligence is like that which was declared in the Massachusetts cases just cited. In *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459, the damage sued for was occasioned by a fall sustained in attempting to pass over an embankment of snow and ice which had accumulated upon the sidewalk. The defendant requested the court in effect to charge the jury that if the plaintiff saw the obstruction and chose to attempt

to pass over it and not go around it, she could not recover. The action of the trial judge in refusing to give such instruction was approved by the Court of Appeals, that court saying (p. 469):

"The charge of the judge sufficiently laid down the rule of law as to plaintiff's contributory negligence, and it would not have been proper for the judge to charge as matter of law that it was negligence for the plaintiff, under the circumstances disclosed in this case, to attempt to pass over the embankment. *Evans* v. *City of Utica, supra; Brusso* v. *City of Buffalo,* 90 N. Y. 679; *McGuire* v. *Spence,* 91 N. Y. 303; *Bullock* v. *Mayor &c.,* 99 N. Y. 654."

The case just referred to was approved and followed in *Shook* v. *City of Cohoes,* 108 N. Y. 648. And, also, in *Weston* v. *City of Troy,* 139 N. Y. 281, it was declared by the court:

"If she" (the plaintiff) "discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care, have kept on her way. But she could not heedlessly disregard the precaution which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed."

Quite recently, in a case decided October 6, 1903, and not yet officially reported, *Walsh* v. *Central New York Telephone & Telegraph Co.,* 68 N. E. Rep. 146, the doctrine of the previous cases was recognized and applied.

The cases which are stated in the margin[1] enforce, in sub-

---

[1] ALABAMA—*City Counsel of Montgomery* v. *Wright,* 72 Alabama, 411; *Birmingham* v. *Starr,* 112 Alabama, 98. GEORGIA—*Samples* v. *City of Atlanta,* 95 Georgia, 110. ILLINOIS—*City of Sandwich* v. *Dolan,* 141 Illinois, 430. INDIANA—*City of Columbus* v. *Strassner,* 124 Indiana, 482; *Bedford* v. *Neal,* 143 Indiana, 425; *Pittsburgh &c. Ry. Co.* v. *Seivers,* not yet officially reported, 67 N. E. Rep. 680. IOWA—*Nichols* v. *Incorporated Town of Laurens,* 96 Iowa, 388; *Graham* v. *Town of Oxford,* 105 Iowa, 705. KANSAS—*Maultby* v. *Leavenworth,* 28 Kansas, 745; *City of Emporia* v. *Schmidling,* 33 Kansas, 485; *Langan* v. *Atchison,* 35 Kansas, 318; *Kinsley* v. *Morse,* 40 Kansas, 577. MARYLAND—*County Commissioners* v. *Broadwaters,* 69 Maryland, 533. MICHIGAN—*Harris* v. *Township of Clinton,* 64 Michigan, 447; *Dundas* v. *City of Lansing,* 75 Michigan, 499; *Germaine* v. *Muskegon,* 105

stance, the principle enunciated in the Massachusetts and New York cases just referred to.

We take from a few of those cases some pertinent passages. In *Gerdes* v. *Christopher &c. Foundry Co.,* 124 Missouri, 347, the rule was thus tersely stated:

"It is the duty of a traveller on a public street to exercise reasonable care; but it is held that the use of a street known to be defective or obstructed cannot be charged as negligence in law."

In *City of Sandwich* v. *Dolan,* 141 Illinois, 430, the principle was thus stated:

"These instructions were properly refused. They announce, in substance, the proposition that, where a party goes upon a sidewalk which he knows to be in a dangerous condition, he is thereby guilty of negligence *per se.* Such is not the law. *City of Sandwich* v. *Dolan,* 133 Illinois, 177; *City of Flora* v. *Naney,* 136 Illinois, 45; *Bridge Co.* v. *Miller* [Ill. Sup.], 138 Illinois, 465. The use of a sidewalk with knowledge of its dangerous condition may be evidence of negligence, but it is not negligence as a matter of law. *Bridge Co.* v. *Miller, supra.* In *City of Bloomington* v. *Chamberlain,* 104 Illinois, 268, an instruction was held to be erroneous which told the jury that 'the law required the plaintiff to go out into the street, and pass around the walk, if she knew it was defective.' Whether it is obligatory upon the plaintiff to pass over the walk known by her to be unsafe, or to pass around it upon the street, or to take the walk on the opposite side of the street, was a question which it was not the province of the court to determine as a matter of law. It is a question of fact for the jury whether, in passing over a walk known to be dangerous, instead of

Michigan, 213. MINNESOTA—*McKensie* v. *City of Northfield,* 30 Minnesota, 456. MISSOURI—*Maus* v. *City of Springfield,* 101 Missouri, 613; *Cohn* v. *City of Kansas,* 108 Missouri, 387; *Gerdes* v. *Christopher &c. Foundry Co.,* 124 Missouri, 347; *Beauvais* v. *City of St. Louis,* 169 Missouri, 500, and cases cited. VERMONT—*Coates* v. *Canaan,* 51 Vermont, 131, 137. WASHINGTON —*Jordan* v. *City of Seattle,* not yet officially reported, 66 Pac. Rep. 114.

taking some other route, the plaintiff is or is not in the exercise of ordinary care. *City of Sandwich* v. *Dolan, supra.*"

In *Graham* v. *Town of Oxford*, 105 Iowa, 705, 709, the court said:

"It is not true that one who knows of a defect in a walk is necessarily guilty of negligence if he attempt to pass over it. Much depends upon the character of the defect, the occasion for passing over it, and the care used in doing so. If a person knows of a defect in a walk, but believes that it can be passed in safety by the exercise of ordinary care, and he is justified as a reasonably prudent man in holding that belief, he is not negligent in attempting to pass over it in an ordinarily careful and prudent manner."

And the rule was well settled in the District of Columbia prior to the decision in the *Brewer* case. Mr. Justice Cox, in delivering the opinion in *Muller* v. *District of Columbia*, 16 D. C. 286, 287, said:

"The law on the subject throws on the defendant, in an action of this kind, the onus of proving contributory negligence, and that proof is not made out by merely showing the knowledge by the complainant of the defect complained of in the highway. If the highway is wholly impassable and in such condition that no reasonable man would attempt to pass it, the plaintiff does it at his own risk. But if it is not, and especially if it is the only access to his dwelling, the only duty on his part is the exercise of proper care to avoid accidents, and the burden is upon the defendant, not only to show knowledge of the defect on the part of the plaintiff, but to show, affirmatively, negligence, or the omission to take the proper care."

The same view of the law was taken subsequently in *Corts* v. *District of Columbia*, 18 D. C. 277. The opinion of the court (p. 289) cites approvingly the following passage from the opinion in the case of *Prince George's County* v. *Burgess*, 61 Maryland, 29:

"The simple fact of its existence, with the knowledge of the

plaintiff, was not sufficient to bar recovery. It should appear that the hole rendered the bridge practically impassable to effect a bar because of knowledge. The hole might possibly have been avoided with ordinary care in driving, and the knowledge of its existence ought to have prevented carelessness on the part of the plaintiff, and naturally would have induced care on his part; but the onus of showing that such care and prudence were not exercised still rested on the defendants."

The principle laid down in all these authorities harmonizes with the English rule as announced in the case of *Clayards* v. *Dethick*, 12 Q. B. 439. That case is thus digested in Pollock on Torts (6th ed. p. 462):

"The plaintiff was a cab owner. The defendants, for the purpose of making a drain, had opened a trench along the passage which afforded the only outlet from the stables occupied by the plaintiff to the street. The opening was not fenced, and the earth and gravel excavated from the trench were thrown up in a bank on that side of it where the free space was wider, thus increasing the obstruction. In this state of things the plaintiff attempted to get two of his horses out of the mews. One he succeeded in leading out over the gravel, by the advice of one of the defendants then present. With the other he failed, the rubbish giving way and letting the horse down into the trench. Neither defendant was present at that time. The jury were directed 'that it could not be the plaintiff's duty to refrain altogether from coming out of the mews merely because the defendants had made the passage in some degree dangerous; that the defendants were not entitled to keep the occupiers of the mews in a state of siege till the passage was declared safe, first creating a nuisance and then excusing themselves by giving notice that there was some danger; though, if the plaintiff had persisted in running upon a great and obvious danger, his action could not be maintained.' This direction was approved. Whether the plaintiff had suffered by the defendants' negligence, or by his own

rash action, was a matter of fact and of degree properly left to the jury; 'the whole question was whether the danger was so obvious that the plaintiff could not with common prudence make the attempt.'"

Concluding, as we do, that the fact that the plaintiff, when she elected to descend the steps from her residence to reach the sidewalk, had knowledge of the existence of the uncovered water-box at the foot of the steps, was not alone sufficient to charge her with contributory negligence as a matter of law, it follows that the judgment below was erroneous if it rested upon such theory. But as the knowledge of the existence of the defective water-box would have been sufficient to impute contributory negligence *per se*, as a matter of law, if the hazard resulting therefrom to one seeking to pass over it from the steps was so great that no reasonably prudent person would have made the attempt, it remains only to consider the case in that aspect. Of course, from that point of view the question is, Did the facts proved as to the situation of the water-box and the attempt of the plaintiff to step across it from the stoop so conclusively give rise to the inference of a want of ordinary care in making the attempt, that no reasonable mind could draw a contrary conclusion? This question is readily answered when it is seen that the undisputed fact was that the water-box at its outer edge was only about four inches from a line drawn from the tread of the step nearest the sidewalk to the ground. Whilst it is true that the undisputed proof was that the plaintiff was aware of a danger from the box when she sought egress from her residence, and judged that a longer step than usual would be required to cross over it, it cannot be in reason said that all reasonable minds must draw the conclusion that contributory negligence, necessarily, as a matter of law, resulted from the act of attempting to step over the box to the sidewalk. This is especially so in view of the undisputed testimony given by the plaintiff that she was keeping the water-box in mind and was exercising all possible care, and had on previous occasions safely stepped over the

box. This condition of proof, we think, made a case proper to be passed upon by the jury.

The conclusion just stated is not affected by the contention that when the plaintiff reached the tread of the last step she might by stepping to one side or the other have avoided the water-box, and, therefore, as she elected to cross over the box, she was guilty of contributory neglect. This but reiterates in another form, the proposition that by electing to use the steps to reach the sidewalk with knowledge of the existence of the water-box contributory negligence as a matter of law resulted. The act of attempting to step from the tread of the last step over the water-box is to be tested by the general principle governing the right to use a highway with knowledge of a defect therein. Coming to apply such principle, the question is this, Was the situation of the water-box and the hazard to result from an attempt to step over it so great that the plaintiff, with the knowledge of the situation, could not, as a reasonably prudent person, have elected to step across the box instead of stepping to the sidewalk from either side of the tread of the last step? And this, we think, was, under the undisputed proof, a question for the jury and not for the court.

*The judgment of the Court of Appeals of the District of Columbia is reversed, with instructions to that court to reverse the judgment of the Supreme Court of the District of Columbia, and to grant a new trial.*

MR. JUSTICE BREWER, MR. JUSTICE BROWN and MR. JUSTICE PECKHAM, dissent.