*Reversed and remanded.*

A motion to amend the judgment as to taxation of costs was
granted, Mr. Justice ROBB, on February 5, 1913, delivering
the opinion of the Court:

It is ordered by the court that the judgment heretofore en-
tered in the above-entitled cause be, and the same is hereby,
amended so as to tax the costs against the appellee as executor,
instead of against him individually.

---

# ROSS *v.* WASHINGTON RAILWAY & ELECTRIC COMPANY.

---

STREET RAILWAYS; NEGLIGENCE; STREETS.

A street railway company required by statute to keep in repair the space
   between its tracks and for 2 feet beyond the outer rails, and which
   prosecutes the work of resurfacing the street with wooden blocks,
   with reasonable care, and presumably with the knowledge and per-
   mission of the municipal authorities, is not liable, because of its
   failure to provide walks across its excavations at street intersections,
   to a pedestrian injured at such a point while attempting to cross the

tracks, in the absence of any statute or regulation requiring the main-
tenance of such walks.

No. 2425.  Submitted November 5, 1912.  Decided December 2, 1912.

HEARING on appeal by the plaintiff from a judgment of the
Supreme Court of the District of Columbia upon a verdict
directed by the court in an action to recover damages for per-
sonal injuries.

The COURT in the opinion stated the facts as follows:

The appellant, Janet Ross, sued the appellee, Washington
Railway & Electric Company, for damages for injuries re-
ceived in crossing tracks where the street had been torn up.

Plaintiff testified that she lived at 1303 N street, N. W., on
and before August 2, 1909; was a clerk in the War Department.
Her usual route to and from her home to the Department's
building was along Vermont avenue, crossing defendant's
double tracks at the intersection of Vermont avenue and H
street.  The street between the car tracks and for a foot on each
side of the track had been torn up all summer.  Other testi-
mony tended to show that the work done was for the purpose
of resurfacing the street between and alongside of the tracks
with wooden blocks.  As a rule there had been a crossing for
teams in the middle of the street, but none provided for foot
passengers.  Plaintiff had, when she could, crossed on the team
crossing.  On the afternoon of August 2, she left the War
Department, upon its close for the day, walked through La-
Fayette square to the corner of Vermont avenue and H street.
There was no team crossing and no crossing for pedestrians.
Other people were going over the tracks as she was, picking
their way as best they could.  "I had a fleeting thought go
through my mind that I was doing it pretty well when some-
thing happened.  Do not know what is was, but know I was
down in the dirt."  She struck her shoulder and sustained a
bruise on her leg, which made her limp.  The bruise produced

a running place for months, and resulted in lameness. Pain involved in standing upon her feet, and the lameness in her feet continues. Has to wear larger and softer shoes. Cross-examined, she said she looked for a crossing, but saw no team or foot crossing either to the right or left. Picked her way over the best she could. Naturally stepped on the first rail, then down into the dirt, then over the next rail. There were some square pieces looking like checkerboards, on which she stepped. From the north rail of south track she stepped into the space between the two tracks. Seeing a car coming, she waited until it passed. After it passed stepped on south rail of north track, and from there to the earth. When she fell was attempting to take the last, or next to the last, step. Was on plate or some other kind of iron between the rails of the north track, and was stepping for the north rail. Could not tell what caused her to fall. Fell too quickly to tell what happened. Could not tell which foot she was resting on when she slipped. Supposed she had a secure footing,—was being as careful as she could. Could not tell what caused the fall. Have sometimes thought it might have been some of the mud or earth sticking to her shoe or something like that. Had not the faintest idea what made her go down. The condition of the street was obvious. Would have taken a crossing if there had been one in sight. Other witnesses testified to the torn-up condition of the street between and alongside the tracks. The surface between the tracks was some 8 or 10 inches lower than the street surface. Others had safely crossed during the same afternoon, exercising care. There was no crossing laid. One witness employed in the same office was in the habit of crossing where plaintiff did, and was not very far behind her. During the condition of the tracks, he turned and walked down the south side of H to Fourteenth street to a barber shop. He said they were excavating and filling between the tracks and on the sides. Was difficult for people to get across there; got along the best they could; "hop, step, and jump, across the rails, at times, the gentlemen would." There were no planks or boards either for foot passengers or vehicles to cross on.

Upon the conclusion of the plaintiff's evidence, the court of its own motion directed the jury to return a verdict for defendant.

*Mr. John M. Thurston* and *Mr. John Altheus Johnson* for the appellant.

*Mr. George P. Hoover* and *Mr. W. C. Sullivan* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Whilst the learned trial justice stated there was nothing to go to the jury upon the question of liability, he expressly declared that as matter of law the plaintiff was guilty of contributory negligence in attempting to cross where conditions of danger were obvious. Necessarily, before the question of plaintiff's contributory negligence can be material, there must be evidence tending to show negligence on the part of defendant.

The argument on the part of the plaintiff, assuming that the evidence required the submission of that issue to the jury, is exclusively devoted to the discussion of the question of contributory negligence. An earnest and forcible argument is directed to the proposition that the plaintiff's evidence brings the case within the rule enounced in *Mosheuvel* v. *District of Columbia,* 191 U. S. 247, 48 L. ed. 170, 24 Sup. Ct. Rep. 57. In that case the defendant had been undoubtedly negligent. In the view that we have taken of the case, there is no occasion to consider that proposition.

There was in our opinion no evidence of negligence on the part of the defendant that called for submission to the jury. It cannot be inferred from the fact that the streets were torn up between and alongside the rails of the tracks, and no plank or other safe crossing provided at the street intersections.

The act incorporating the Metropolitan Railway Company to whose franchises defendant has succeeded, provides that it shall be bound to keep the space between its tracks, and for 2

feet beyond the outer rails thereof, paved without expense to the United States; and the use and maintenance of said railway shall be subject to the municipal regulations. The supervision and control of the public streets are vested in the Commissioners of the District, whose duty it is to see that they are kept in reasonable repair and subject to no unnecessary obstructions. This work of excavating between the railway tracks had been done presumably with the knowledge and permission of the commissioners. Of course such work must be done with reasonable care by those prosecuting it; but there is no evidence tending to show that in this case there was unnecessary excavation, or negligence in the way in which the work itself was being done. When expedient or necessary—of which the commissioners are the judges—that such works shall be done, it may go on regardless of the temporary obstruction of the streets, and such obstructions are not unlawful. We are advised of no statute or regulation that requires the defendant in paving between and alongside of its tracks to provide walks and driveways across its excavations at street intersections. While the commissioners might have required the construction and maintenance of such crossings by the defendant as a condition of permission to disturb the street at all,—and so far as the record discloses it would have been expedient and wise to exact such a condition,—there is nothing whatever in the case from which it can be inferred that they did exact such a condition. So far then as the record discloses, the defendant was engaged in the performance of a legal obligation, and was neither exceeding a reasonable depth or width of the excavation, nor performing its work in an unlawful manner. There is, therefore, no foundation for a finding of legal responsibility.

The court below, therefore, did not err in directing the verdict, and the judgment must be affirmed, with costs; but in taxing the costs no attorneys' fee shall be included.

*Affirmed.*

Motion for rehearing overruled March 20, 1913.