Arial S. DOUGHERTY, Appellant,

v.

CHAS. H. TOMPKINS CO., a corporation, Appellee.

No. 13246.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 17, 1956.

Decided Jan. 10, 1957.

Appellant walked on the temporary walk during a snowfall which had continued for some hours; there was snow on the walk at about 8:20 A.M. on November 6, 1953. About a half-hour earlier appellee had caused the walk to be swept but continued snowfall caused the walk and the ramps to be covered by 8:20 A.M.

While appellant was walking at a point where a ramp connected the temporary walk to the street level, he slipped, fell and sustained injuries.

Article 304–04, 1951 edition, Building Code of the District of Columbia, provides:

> "A width of not less than 6 feet must be kept clear on the sidewalks, but beyond such a passageway the sidewalk may be enclosed with a tight board fence, and used under the same conditions as the roadway; provided no materials or rubbish are deposited or placed within 2 feet of any tree, and provided there is no vault under the sidewalk. If any enclosing fence shall prevent passage on the sidewalk, *there shall be constructed, and maintained in good repair and free from rubbish, dirt, and snow,* a temporary plank sidewalk around the same not less than 6 feet in width in the clear." (Emphasis added.)

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. John P. Arness, Washington, D. C., with whom Mr. John J. Sirica, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellee, a building contractor, secured from the District of Columbia a permit to barricade a public sidewalk during the construction of a downtown building. In so doing, appellee was required to and did erect a temporary walk in the street around the barricade obstructing the sidewalk. This temporary walk was built of planking at the same level of the permanent sidewalk, *i. e.*, 5 to 7 inches above the street with short ramps running from street level to walk levels where necessary.

Testimony indicated that the ramp was slippery due to the moisture and snow. The case was submitted to a jury which returned a verdict for the appellee and on this appeal various errors of the trial court are urged.

We shall deal only with two of the assigned errors: one relating to the trial court's charge of assumption of risk and the other dealing with a limitation alleged to have been placed by the trial court on the scope of appellant's argument to the jury.

The elements which must be shown to give rise to the defense of assumption of risk are often stated to be, first, knowledge of the danger and second, a voluntary exposure to that known

danger.[1] To call this defense into play requires a showing that the person charged has no duty to protect the other from the risk.[2] Thus a landowner is not obliged to maintain safe premises for licensees or invitees since they assume the risk upon being informed or having notice of a dangerous condition. Users of public sidewalks and streets do not assume the risk of even known defects where the municipality has a duty, as in this jurisdiction, to exercise reasonable care to maintain the public way in reasonably safe condition.[3]

Where a private party, such as the appellee, blocks use of the public way for his own private purpose, and erects a temporary walk, a statutory direction to keep that sidewalk in good repair and "free from snow" must be read as imposing burdens beyond those applying to the property owner in relation to a public sidewalk abutting his property, or to the municipality.[4]

Appellant, then, as a member of the public, had a right to expect that sidewalks would be maintained in a reasonably safe condition. The appellee's duty was declared and specifically defined in the District of Columbia regulation. The fact that appellant had an awareness of the admittedly visible condition created by a snowfall was immaterial to "assumption of risk," for this recognition of the obvious could not relieve appellee of his statutory duty of reasonable maintenance. The testimony of appellant as to the "risks" he observed was no more than a recognition that snow underfoot creates a condition of potential slipperiness. Appellant's decision to use appellee's temporary walk could not be termed "voluntary," in the sense contemplated in an assumption of risk situation, since appellee had no right to force appellant into "taking or leaving" the risk. To so hold would mean the public must use another street, stay at home, or use the temporary walk at peril. We hold, therefore, that the jury should not have been instructed they could find that appellant assumed the risk in this situation.

Whether, in the circumstances disclosed by the present record, the appellant's *choice* of using the temporary sidewalk in and of itself constituted contributory negligence is an issue which the jury must resolve.[5] Or if appellant were found to be negligent *in the way* he used the walk, he would be barred from recovery. On these matters the jury was properly instructed.

Appellant urges that he was prohibited by the trial court from arguing to the jury that one of the ways in which appellee could have discharged his obligation to keep the temporary plank sidewalk free from snow would be to construct a canvas or other type of roof or canopy over the sidewalk. From the record it appears that appellant's assumption that his argument was improperly limited may have resulted from confusion and misunderstanding both as to what counsel was proposing to argue and to the scope of what the court was proscribing; but we need not review the matter in detail since the problem can be resolved by virtue of the new trial which

1. Prosser, Law of Torts § 55 (2d ed. 1955); See, e. g., Westborough Country Club v. Palmer, 8 Cir., 1953, 204 F.2d 143, 149; Swift & Co. v. Schuster, 10 Cir., 1951, 192 F.2d 615, 617.

2. Restatement, Torts § 893 (1939); James, Assumption of Risk, 61 Yale L.J. 141 (1952).

3. Mosheuvel v. District of Columbia, 1903, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170; Altemus v. Talmadge, 61 App.D.C. 148, 150, 58 F.2d 874, 876, certiorari denied 1932, 287 U.S. 614, 53 S.Ct. 16, 77 L.

Ed. 533. See also Smith v. District of Columbia, 1951, 89 U.S.App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773.

4. See Phillips Petroleum v. Childress, 10 Cir., 1935, 78 F.2d 861; But cf. Radinsky v. Ellis, 1948, 83 U.S.App.D.C. 172, 167 F.2d 745.

5. Restatement, Torts, § 893, comment c (1939); James, supra note 2, at 141. See also Mosheuvel v. District of Columbia, 1903, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170.

will be granted on other grounds. The trial court correctly indicated that he would not permit an argument that there was a *requirement* under the regulation that appellee maintain a roof or canopy over the temporary sidewalk, but we doubt that the trial court intended to prohibit an argument that a reasonably prudent man *might* have constructed a canopy, roof or other enclosure over the temporary sidewalk as *one of the ways* of discharging his obligation, since that was, of course, within the range of proper argument. It is a matter of common human understanding, which no evidence is required to demonstrate, that a roof or canopy interposed between the elements and the walk would tend to keep the walk free of snow. In all events the effect of any misunderstanding on this score can be remedied on the new trial.

For the reasons indicated, the judgment for appellee in the district court is vacated and the case remanded for a new trial not inconsistent herewith.

Reversed.