Phyllis NIELSEN, Appellant,

v.

BARCLAY CORPORATION, a body corporate, et al., Appellees.

No. 14182.

United States Court of Appeals
District of Columbia Circuit.

Argued March 7, 1958.

Decided May 15, 1958.

Petition for Rehearing Denied
June 10, 1958.

Mr. Harry W. Goldberg, Washington, D. C., with whom Messrs. Morris Altman and Max M. Goldberg, Washington, D. C., were on the brief, for appellant.

Mr. Ross O'Donoghue, Washington, D. C., with whom Mr. Daniel W. O'Donoghue, Washington, D. C., was on the brief, for appellees.

Before REED, Associate Justice of the Supreme Court, retired,* and PRETTYMAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant sued for damages for injuries sustained when she walked into a glass wall, mistaking it in the darkness for an open door to the apartment building she was seeking to enter as a guest of a tenant. The building was owned by appellee-defendant Barclay Corp., and managed by defendant Sidney Z. Mensh & Co., and these parties admitted exclusive control over the installation, construction and maintenance of the approaches and entrances to the building.

Around February 12, 1954, one Nielsen (who later married appellant) and one Tanner leased an apartment in a then almost-completed building.[1] They were

---

* Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28, U.S. Code.

1. There was a question whether the building had been "completed." The trial court said the undisputed facts showed

advised they might move in any time after February 15, and on the weekend of February 22, they began moving in. By the night of February 26, when the injury was sustained, six of the fourteen apartments were leased and occupied. There were signs on the building that leases were available, and that the building was "open."

After dark on that evening, appellant accompanied her friends, Tanner and Neilsen, to their new apartment. While the two men stayed behind with the car to collect some belongings, appellant walked on ahead, intending to enter the building and her friends' apartment. She entered the entranceway, which was recessed, and proceeded several feet to its back wall. This wall was divided into two sections; the left section was a glass door, and the right section was a fixed, clear glass panel, running from floor to ceiling, devoid of any markings. There was no illumination anywhere near except a single bulb inside the building, not directly visible from the doorway, which reflected a "very dim" light down to the doorway. Mistaking the fixed glass panel on the right side for an open door, appellant walked into the glass panel and sustained severe injuries. The glass panel did not break under the impact. It appeared that no light fixture had been installed in or over the entranceway, although one was installed a week after the accident. Appellant had used this entrance on one prior occasion in daylight.

The court directed a verdict for the owner, Barclay Corp., at the close of appellant's evidence. The grounds were that the tenants, Tanner and Neilsen, knowing the building had not yet been fully completed, and it being obvious to them that there was no light in the entranceway, and that the glass panel was located where it was, had assumed the risk created by the absence of the light and presence of the glass panel. The appellant, standing in the shoes of the tenants, was thus barred. He also ruled that appellant was "guilty of negligence, the sole negligence contributing, and accordingly the defendant's [appellee's] motion will be granted."

 We think the case should have proceeded at least until the end of defendants' evidence, and unless appellant's case was by then conclusively rebutted, the case should have been submitted to the jury. There seems little doubt that a landlord-tenant relationship existed between Neilsen and Tanner on the one hand, and Barclay Corp., on the other, and it seems clear that as a guest of the tenants, appellant was entitled to the same duty of care as were the tenants.[2] Whether or not a landlord has a general duty to illuminate outside entranceways,[3] there was apart from the District of Columbia Building Code a clear question presented of whether failure to light this entranceway was negligence under the circumstances,[4] and on the evidence indicated, the jury could reasonably have found negligence. Similarly, the jury could reasonably have found on this record that appellant herself was not negligent,[5] and that neither she nor her hosts, the tenants, had assumed the risk.[6]

 The corporate manager had also been made a defendant, but at the close of appellant's opening statement, was dropped from the case after a directed

---

the building was "in the course of construction." Appellant says the evidence showed only that the sod had not been laid. Appellee says the evidence permits the inference that the electrical work had not been finished. For sake of argument, we assume the building was "incomplete."

2. Bowles v. Mahoney, 1952, 91 U.S.App. D.C. 155, 202 F.2d 320, certiorari denied, 344 U.S. 935, 73 S.Ct. 505, 97 L. Ed. 719.

3. See Kay v. Cain, 1946, 81 U.S.App.D.C. 24, 154 F.2d 305.

4. Pessagno v. Euclid Inv. Co., 1940, 72 App.D.C. 141, 112 F.2d 577.

5. See Hill v. Raymond, 1935, 65 App.D.C. 144, 81 F.2d 278.

6. Dougherty v. Chas. H. Tompkins Co., 1957, 99 U.S.App.D.C. 348, 240 F.2d 34.

verdict in its favor. The court did not explain its action, but it seems clear that this action was taken because the opening statement did not described a cause of action against the manager.[7] In the opening statement plaintiff promised to prove that the *manager* (and the owner) owed a duty to tenants and their guests to maintain the building in "first class condition," and that the *manager* and the owner failed to comply with the District of Columbia Building Code, which required both of them to maintain an outside light,[8] and that the injuries were due to the absence of light and presence of the deceptive glass panel. This plainly states and describes a prima facie case against the manager, and proof should have been allowed. Whether the *proof* would actually show a duty on the part of the manager, or a breach of any regulation, we cannot say.

Both judgments—for the owner and for the manager—are set aside and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

7. Halin v. United Mine Workers, 1956, 97 U.S.App.D.C. 210, 229 F.2d 784.

8. Article 602–03 of the Building Code requires that a building such as the one at bar shall be equipped with "emergency lighting." And, "(e) Emergency lights shall be arranged and controlled to provide illumination * * * (2) * * * There shall be an emergency white light * * * over all required exit doors on the outside of the building, except where determined by the Director of Inspection that adequate public street lighting is present." If the case is retried, the court may well wish to consider the applicability of this regulation to the case at bar.