## JOHNSON v. TYNG.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

CONTRACTS—CONDITIONS—BREACH.

Defendant is guilty of a breach of contract, so as to release plaintiff from his obligations thereunder, where the contract provided that defendant should pay plaintiff "the amount due him for each month's work within 60 days from the date of each monthly account," and defendant failed to pay within the time specified.

Appeal from trial term, New York county.

Action by George Johnson against Charles R. Tyng on a contract. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

T. M. Tyng, for appellant.
J. C. O'Conor, for respondent.

INGRAHAM, J. The only question presented on this appeal is whether the court below was correct in dismissing the counter-claim set up in the answer. When this case was before this court on a former appeal, it was held that this counterclaim was properly dismissed, because, "even if plaintiff was guilty of a breach, the defendant proved no damage resulting therefrom, and for the weightier reason that we think the evidence shows that the first breach was committed by the defendant, in refusing to make payments in accordance with the terms of the contract." 1 App. Div. 612, 37 N. Y. Supp. 516. It having been there decided that, if this defendant first broke his contract, by failing to pay money due under the contract to the plaintiff, he could not recover for a breach of the contract by the plaintiff happening during the time of such failure to pay, the only question presented to us is whether, upon the evidence here, it appears that the plaintiff was guilty of a breach of his obligation under the contract before the defendant had failed to comply with all of his obligations. The contract provided that:

"The party of the second part [the defendant] agrees to use due diligence in securing orders, and to pay to said party of the first part [the plaintiff], for all work done by him, the amount due to him for each month's work, within sixty (60) days from the date of each monthly %."

It was admitted by the defendant that the plaintiff during the month of April, 1885, did work for the defendant, under this agreement, of the value of $523.36. Under the provisions of this contract, this amount became due within 60 days after the date of each monthly account. It does not appear from the evidence when the monthly account for this work was finished. It does appear, however, that on May 23, 1885, the defendant gave to the plaintiff a promissory note, payable 60 days after date, in which it was stated that such note was for the April account. This note was due July 25, 1885. On July 24, 1885, the defendant wrote the plaintiff a letter, asking the plaintiff to get his bank to withdraw the note due on the following day, and to hold it over for a few days. In reply to that the plaintiff telegraphed to the defendant: "Will have note returned if you can send check for three hundred. Answer." In reply to that, and on July 25, 1885, the day the note became due, the defendant telegraphed to the plaintiff, in answer to the plaintiff's telegram: "Could not do, on account of another note. Trust you will oblige me as I asked. Please answer." To that telegram there was no answer. It is clear that this letter and these two telegrams show a distinct refusal on the part of the defendant to pay the note upon the day it became due, and rendered a presentation of the note to the defendant unnecessary to put the defendant in fault. The first letter was a request to hold the note for the defendant for a few days. To that an answer was sent that the plaintiff would do so

if the defendant would send $300. The defendant replied that he could not do so,—not that he did not want to do so, but that he could not do so. It is quite clear that this was a positive refusal to pay the note upon the day it became due, and that upon that day the defendant was guilty of a breach of his contract to pay within 60 days after the monthly accounts had been finished. That the defendant entirely understood this, is quite evident from his interview with the plaintiff on July 28, 1885. He says that the plaintiff asked him what he was going to do about the payment of the note, and "I told him that I should pay it just as I agreed. * * * I stated to him that I would pay the money as I agreed. * * * I would pay it just as I told him in my letter I would pay it." The only time that he had stated in his letter as the time at which he would pay was one-half on the 1st of August, and the balance on the 8th of August, but these dates were after the time fixed by the contract at which the sum was to be paid. At no time after the 25th of July, when the defendant telegraphed to the plaintiff that he could not pay him even $300 on account of the note, did the defendant ever offer to pay to the plaintiff the amount due upon the note, and that $523.36 has never been paid. We think it quite clear that the payment of these various sums under the contract, as they should become due, was a condition for the continuance of the work under the contract. The plaintiff was not bound to go on doing the defendant's work, thus incurring obligations for him, unless the defendant, on his part, kept his contract with the plaintiff as to payments that were to be made, and on this 25th day of July the payment of the April account was due. The defendant had given his note in payment thereof. He had expressly stated to the plaintiff that he could not pay it; and we think that the plaintiff was entirely justified in refusing to continue to work for the defendant under the contract, thus incurring further liability, until this note was paid and the defendant had performed his part of the contract. And when, on the 28th day of July, three days afterwards, and before there had been any violation on the part of the plaintiff to go on under the contract, plaintiff went to the defendant and asked him to pay the note, and the defendant then refusing to pay, making no offer to pay, except the statement that he would pay at the time agreed upon in his letter (July 24th), which was then some time in the future, it seems to us quite clear that upon this state of facts the plaintiff was justified in refusing to continue to work under the contract until the defendant had complied with his obligations, and paid the amount due to the plaintiff.

We think, therefore, that the court below was entirely right in dismissing this counterclaim, and that the judgment should be affirmed, with costs. All concur.