(75 App. Div. 584.)

ZIEGLER v. BRENNAN.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. LANDLORD AND TENANT—DEFECTIVE STAIRWAYS—INSUFFICIENT LIGHT—TENEMENT HOUSE ACT—NEGLIGENCE.

Tenement House Act, § 80, provides that in every tenement house of four stories or over, whenever a public hallway is not sufficiently light in the daytime to permit a person to read in every part thereof without the aid of artificial light, further provisions shall be made, as prescribed in the act, for the introduction of more light. *Held*, that a failure to comply with the act was evidence of negligence, only, in an action to recover for the death of plaintiff's intestate, killed by falling down an insufficiently lighted stairway.

2. SAME—INSTRUCTIONS—PREJUDICIAL ERROR.

Where, in an action for the death of a tenant in falling down a stairway, it was alleged that the stairway was defective, and that the hall was insufficiently lighted, and the evidence on the issue as to the defectiveness of the stairway would have authorized a verdict for the defendant, an erroneous instruction that the landlord's failure to comply with Tenement House Act, § 80, providing for the introduction of additional light in dark tenement house hallways, was negligence, was not harmless.

Appeal from trial term, New York county.

Action by Annie Ziegler, as administratrix of the estate of Joseph Ziegler, deceased, against John Joseph Brennan. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and HATCH, JJ.

Anthony J. Griffin, for appellant.
J. M. Birnbaum, for respondent.

PATTERSON, J. The plaintiff's intestate, Joseph Ziegler, sustained fatal injuries by falling on a staircase in a house owned by the defendant in the borough of Manhattan, in the city of New York. It was a tenement house with four floors, including the ground floor. There were two apartments on each floor, with the exception of the first. The decedent and his family occupied one of the apartments on the third floor. The entrance to the apartments above the first story was from a front door opening into a hall. There was a fanlight over the front door, and a window at the rear of the hall. The stairway giving access to the upper apartments was at the left of the main hall, and beginning at a point about 11 feet from the front door. This staircase consisted of three steps rising from the floor of the hall, turning towards the rear, and from the third step the staircase was constructed in a straight flight up to the floor of the second story.

This seems to have been the original construction of the hall and staircase. The decedent had lived in the house for two years. At about 9 o'clock on the morning of Sunday, May 5, 1901, he entered the house by the front door on his return from a barber shop across the street. No one saw him enter the house, and there was no eye-witness of the occurrence, but at the hour mentioned a noise was heard as of a body falling on the stairs; and the decedent's wife, hearing it, came from her apartment, and found her husband lying at the foot of the staircase. His skull was fractured, and he died the following day. The accident is attributed by the plaintiff to negligence of the defendant, consisting of two things: First, allowing the staircase to remain out of repair and in a dangerous condition after notice to the owner that it was unsafe; second, the omission of the defendant to comply with the provisions of section 1320 of chapter 378 of the Laws of 1897, or section 80 of the tenement house act (chapter 334, Laws 1901), or both.

On the subject of the condition of the staircase the evidence was conflicting. There was proof tending to show that the decedent's foot caught in a broken india-rubber covering on the fourth step. The decedent's widow testified that, upon her hearing the noise and going down the stairs, she found that a slipper worn by the intestate at the time the accident occurred was caught in the broken india-rubber covering, and that it was fixed there in a horizontal position. There was also evidence tending to show that the stairs had been out of repair for some months prior to the accident, and that the attention of the owner, or those in charge of the house for him, had been called thereto. All this evidence, however, was contradicted, and an issue was presented for the consideration of the jury, with the evidence in such a state that they might have found for the defendant on this issue, and still have found against him on the remaining issue, which invoked the condition of the hallway as to a sufficiency of light for those lawfully using that hallway.

The tenement house act, which became a law April 12, 1901, provides in section 80 that:

"In every now existing tenement house four stories or over in height, whenever a public hall on any floor is not light enough in the daytime to permit a person to read in every part thereof. without the aid of artificial light, the wooden panels in the doors located at the ends of the public halls and opening into rooms shall be removed, and ground glass or wire glass panels of an aggregate area of not less than four square feet for each door shall be substituted; or in lieu of removing the panels in the doors a fixed sash window of wire glass of an area of not less than five square feet may be cut into the partitions separating the said hall from a room which opens directly upon the street or upon a yard, court, or shaft of the dimensions specified in the last section; or said public hall may be lighted by a window or windows at the end thereof with the plane of the window at right angles to the axis of the said hall, said window opening upon the street or upon a yard, court, or shaft of said dimensions."

But by section 164 of the same act an owner is allowed one year, or such other time as may be fixed by designated authority, to make the alterations required by the act.

By section 1320 of chapter 378 of the Laws of 1897 it is provided that the owner or lessee of—

"Every tenement house in the said city, in which there is a hallway or hallways with no windows opening from such hallway outside of said house, a light shall be maintained by said owner or lessee in each such hallway, between the hours of eight a. m. and ten p. m. of each day unless said hallway shall be otherwise sufficiently lighted.

It is a matter of grave doubt whether the provisions of the tenement house act apply to the premises in which this accident occurred. The inference to be drawn from the testimony is that the construction of the hall on the day the accident occurred was the same as had existed long previous to that day, and if the defendant had a year, or such other time as might be designated by proper authority, within which to make the alterations required by the eightieth section of the tenement house act, he could not well be charged with neglect under that act in failing to make required changes within less than a month after that act went into effect. But be that as it may, and assuming that the defendant had failed to comply with some provision of statutory law, the trial justice sent the cause to the jury upon the issue of noncompliance with statutory provisions, under instructions which compelled them to find that negligence of the defendant was conclusively established. The importance of this instruction becomes manifest when we consider that upon the issue of the unsafe condition of the staircase, by reason of its being out of repair, the jury, on the conflicting evidence, might have found for the defendant, while upon the issue relating to noncompliance with the statute they were expressly instructed that such noncompliance constituted negligence; the court meaning, of course, negligence with respect to the concrete case. The court was asked by the plaintiff to charge, and did charge, that any one not complying with the statute is considered as doing so with knowledge of the law, and is negligent; and, in support of the argument that that instruction was correct, we are referred to certain cases in this court, namely, Pitcher v. Lennon, 12 App. Div. 359, 42 N. Y. Supp. 156; Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385; Lendle v. Robinson, 53 App. Div. 140, 65 N. Y. Supp. 894. But those cases, notwithstanding an expression used in the one first cited which was not necessary to its determination, are not in conflict with the settled rule of law in this state on that subject. In McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153, it is said:

"The failure to perform a duty imposed by statute, where, as a consequence, an injury results to another, is evidence upon the question of negligence upon the party chargeable with such failure. Jetter v. Railroad Co., 2 Abb. Dec. 458; McGrath v. Railroad Co., 63 N. Y. 523; Massoth v. Canal Co., 64 N. Y. 524; Wiley v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536; Kneupfle v. Ice Co., 84 N. Y. 488. It is not conclusive evidence of negligence."

In Connolly v. Ice Co., 114 N. Y. 108, 21 N. E. 101, 11 Am. St. Rep. 617, it is said:

"While the violation of a statute may be proof as a fact for consideration by the jury, such violation does not for all purposes necessarily establish negligence."

And in Graham v. Railway Co., 149 N. Y. 336, 43 N. E. 917, it is stated that the disregard of a statute which required the gates on the cars to be kept closed while the car was in motion "is evidence of negligence."

The effect of the controlling authorities on the subject is to establish the proposition that the violation of the statute is evidence, but not conclusive evidence, of negligence. The instruction given to the jury in this case was direct and peremptory that the omission to comply with the provisions of the statute constituted negligence in itself. That was error.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN and HATCH, JJ., concur. INGRAHAM, J., concurs in result.