(40 Misc. Rep. 627.)

GILLICK v. JACKSON et al.

(Supreme Court, Appellate Term. May, 1903.)

1. TESTAMENTARY TRUSTEES—DUTY TO REPAIR.
    Where a will imposed on testamentary trustees the duty of keeping the trust estate in repair, they are personally liable for injuries caused by failure so to do.

2. TENEMENT HOUSES—FAILURE TO LIGHT—LIABILITY OF LESSORS.
    Laws 1895, p. 1111, c. 567, § 9, providing for lights in hallways and tenement houses unless the hallways are otherwise sufficiently lighted, remained in force until glass panels were substituted, under Laws 1901, c. 334, for the wooden panels in the doors at the end of public halls and openings into rooms; and where a tenant was injured, prior to the time

such latter act took effect, by falling over a board in an unlighted hallway in a tenement house, where it was so dark that he could not see his way, the landlord was liable for the injuries received.

Appeal from City Court of New York, Trial Term.

Action by James Gillick against Henry Hull Jackson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Harrison, Seasongood & Edwards (Wm. H. Leonard Edwards, of counsel), for respondent.

GILDERSLEEVE, J.   The action was brought to recover for personal injuries alleged to have been sustained by plaintiff on July 2, 1901, in tripping and falling in the hallway of the building No. 201 East Fiftieth street, in this city.   It is the claim of the plaintiff that such injuries were caused through the negligence of the defendants, their agents, servants, and employés, in failing to comply with the provisions of section 9, p. 1111, of chapter 567 of the Laws of 1895, and section 80, p. 908, of chapter 334 of the Laws of 1901. The complaint alleges also that defendants were at the time of the said accident the owners, landlords, and lessors of the said building, and that plaintiff was their tenant.   The answer admits that the complaint correctly quotes the provisions of the two statutes above referred to, and otherwise denies each and every allegation of the complaint.   The case was tried before the court and a jury, and the issues raised by the pleadings were submitted to the jury, who found a verdict for plaintiff in the sum of $250.   The defendants' counsel made a motion for a new trial, which was denied; and from the judgment entered on said verdict, and the order denying the motion for a new trial, defendants appeal to the Supreme Court.

The evidence offered on behalf of plaintiff shows that the building in question was a tenement house, in which he hired rooms from defendants, who had the management and control of said building as trustees under the will of one Peter A. H. Jackson, deceased; that on July 2, 1901, plaintiff came home to dinner at about half past 12 in the afternoon, and found the hallways of the house so dark that he could not see his way to his own flat; that he went along the hallway leading to his flat or rooms, with his hands against the wall, groping his way; that when he came to about the middle of the hall he stumbled against a board or block, and fell, breaking his right arm at the elbow; that there were no lights of any kind in the hallway; and that there were no outside windows in the said hallway, which was a hallway used in common by all the tenants, and over which the defendants had retained control, and which it was necessary for plaintiff to pass through in order to enter his flat or rooms.   It is further shown that the plaintiff had never found such a board in the hallway before, and he had no reason for suspecting its presence there on the occasion in question.   It is also shown that

plaintiff was unable to work until November 11, 1902, and even then was obliged to use his left hand in working the railroad switch at which he was employed, and his right arm had not regained its full strength up to the time of the trial of this action. His wages were $52 a month, and he was unable to work for four months and nine days. It cannot, therefore, be held that the verdict was excessive, if the plaintiff was entitled to recover at all. There is considerable contradictory proof offered by the defendants as to some of the details, but the evidence adduced by the plaintiff was sufficient to sustain the verdict on the disputed matters of fact.

The defendants urge that they are not liable individually, for the reason that they are only trustees under the will of one Jackson, deceased, and as such manage and lease the said building. There is no merit in this contention. So far as plaintiff is concerned, defendants were the owners of the building. Trustees of an express trust in real estate, where the will creating the trust imposes upon the trustees the duty of managing, leasing, and keeping in repair the said real property, are, by virtue of the legal title which is vested in them, liable personally, at least in the first instance, and not in their representative capacity, for a failure to perform their duties. See Keating v. Stevenson, 21 App. Div. 604, 606, 607, 47 N. Y. Supp. 847. The will of Peter A. H. Jackson, deceased, is in evidence, and by it the duty of keeping the premises in proper condition is imposed on defendants as such trustees. If, therefore, it was the duty of defendants to keep the said hallway properly lighted, and they failed to do so, as found by the jury, they are personally liable for the injuries resulting from their failure to perform their duty in this respect, as the jury, upon sufficient proof, have exonerated plaintiff from the charge of any contributory negligence. See Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385.

So far as the lighting of the said hallway is concerned, defendants claim, first, that they were under no obligation to light it; and, second, that in point of fact it was sufficiently light. The latter claim is a disputed issue of fact, upon which the jury found against defendants, and with their conclusion we will not interfere. Section 9, p. 1111, of chapter 567 of the Laws of 1895, provides as follows, viz.:

"In every tenement house in said city [of New York], in which there is a hallway or hallways with no window opening from such hallway outside of said house, a light shall be maintained by said owner or lessee in each such hallway between the hours of eight a. m. and ten p. m. of each day unless said hallway shall be otherwise sufficiently lighted."

Defendants claim that this law was repealed by chapter 334, p. 889, of the Laws of 1901. The latter, in section 161, provides that "all statutes of the state and ordinances of the city, so far as inconsistent with the provisions of this act, are hereby repealed." This act went into effect on April 12, 1901, but it provides in section 164 as follows, viz.:

"All alterations hereby required upon now existing tenement houses shall be made within one year from the time when this act shall take effect, or at such earlier period as may be fixed by the department charged with the enforcement of this act."

In the act of 1901, the provision of the law of 1895 for lighting the hallways is omitted, but, apparently as a substitute therefor, it provides in section 80 as follows, viz.:

"In every now existing tenement house four stories or over in height, whenever a public hall on any floor is not light enough in the daytime to permit a person to read in every part thereof without the aid of artificial light, the wooden panels in the doors located at the ends of the public halls and opening into rooms shall be removed, and ground glass or wire glass panels of an aggregate area of not less than four square feet for each door shall be substituted."

The statute of 1901 does not specifically repeal the act of 1895, but, as we have seen, repeals all acts inconsistent with its own provisions. Inasmuch as the act of 1901 allowed one year from the time it went into effect, i. e., April 12, 1901, in which to make the alterations called for in section 80, defendants' theory seems to be that defendants were not only under no obligation to put in the glass panels before April 12, 1902, but were under no further obligation to keep the hallways lighted between April 12, 1901, and April 12, 1902, for the reason that the act of 1901 repealed the act of 1895, requiring such lighting. We do not agree with this conclusion. Until the glass panels were actually put in the doors, as required by the act of 1901, the provision of the act of 1895 requiring the hallways to be lighted continued in force. It did not cease to be operative until it became inconsistent with the provisions of the act of 1901, requiring a different manner of lighting the hallways, i. e., by putting glass panels in the doors. Such inconsistency would occur when that other method of lighting was actually put in operation, which was required to be done before April 13, 1902. The accident, as we have seen, occurred on July 2, 1901, up to which time the glass panels had not been put in the doors, according to the testimony of plaintiff's witnesses, who were believed by the jury. As the year from April 12, 1901, had not then expired, the law of 1895 was still in effect, so far as this hallway was concerned. The defendants, as found by the jury, did not comply with the requirements of this act, which omission on their part resulted in the injuries which plaintiff has sustained. The defendants are liable in damages for such injuries. Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385.

There are a number of exceptions taken by defendants to the rulings and charge of the court, but we do not find any that is of such weight as to require a reversal. The judgment and order are affirmed, with costs.

Judgment and order affirmed, with costs. All concur.