### KEATING v. MOTT.

(Supreme Court, Appellate Division, First Department. March 11. 1904.)

1. PLEADINGS—ALLEGATION OF OWNERSHIP OF PREMISES—ADMISSION BY AN-
   SWER.

   Where plaintiff, in an action for injuries sustained through defendant's neglect to maintain a tenement house known as 445 West Thirty-Ninth street in a safe condition, alleged in the complaint that at all the times therein mentioned defendant was the owner thereof, and defendant, in his answer, admitted that he was the owner of the fee of premises commonly known as 445 West Thirty-Ninth street, and on information and belief denied "each, all, and every the other allegations" in the complaint, defendant admitted the ownership of the premises.

2. VERDICT—CONFLICTING EVIDENCE—REVIEW.

   Where the evidence is conflicting, the verdict of the jury will not be disturbed on appeal.

3. INJURY TO TENANT—CONTRIBUTORY NEGLIGENCE.

   A tenant having knowledge of the unsafe condition of the premises is not necessarily charged with contributory negligence in continuing to live on the premises and to pass over defective hallways, but is required to use due care to avoid danger, which does not impose the duty of constantly having in mind the exact locality of the defective places.

4. SAME.

   In an action by a tenant of rooms in a building to recover from the landlord for an injury received while passing through a hall by reason of her foot catching in holes in the oilcloth on the floor of the hallway, plaintiff admitted that she knew of the unsafe condition of the hall. The accident happened while she was walking in the usual way along the hallway, which at the time was dark. Held, that the question of her contributory negligence was for the jury.

5. SAME—INSTRUCTIONS—EXCEPTION.

   Where the court, in an action by a tenant to recover for injuries sustained by reason of the unsafe condition of the premises, charged that plaintiff was not bound to put her mind constantly on the condition of the premises, nor was she negligent if her attention was momentarily averted from it, and gave plaintiff's requested instruction that she was not negligent if her mind was diverted from it by ordinary cause, but added, if she was reasonably prudent, an exception on the ground that there was no evidence that her mind was diverted raised no substantial question.

6. SAME—REFUSAL TO GIVE REQUESTED INSTRUCTIONS.

   It is not error to refuse a requested instruction fully covered by the court's charge.

Appeal from Trial Term, New York County.

Action by Mary Keating against John L. B. Mott. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas P. Wickes, for appellant.
W. A. Purrington, for respondent.

PATTERSON, J. The plaintiff was a tenant occupying rooms on the second floor of a tenement house known as No. 445 West Thirty-Ninth street, in the city of New York, and she alleged in her complaint that she sustained injuries on such premises through the neglect of the

defendant to maintain in a safe condition the lower hallway thereof. A question arose on the trial as to the necessity of the plaintiff proving, under the pleadings, the ownership of the premises. It is alleged in the complaint that at all times thereinafter mentioned the defendant was the owner of that house. The answer contains this allegation: "First: This defendant admits that he is the owner of the fee of certain premises in the city of New York, commonly known as 445 West Thirty-Ninth street, and this defendant, upon information and belief, denies each, all, and every the other allegations in said complaint contained." That is not a denial of the ownership of the premises at the time mentioned in the complaint, and it will be regarded rather as an admission of that fact. The appellant does not now seriously insist upon the objection that the plaintiff failed to prove the ownership, but the question remains in the record, and it is enough to say in regard to it that, apart from the pleadings, there is proof made by the testimony of the janitress and others sufficient to show that at the time of the alleged accident the defendant was in possession of the premises.

The accident happened on the 9th of March, 1899. The plaintiff, at about 5 o'clock in the afternoon, entered the hallway on the main floor to go to her rooms, and according to her testimony and that of another witness she caught her foot in some holes in the oilcloth on the floor at the foot of the staircase, and she fell and was injured. There were two questions of fact as to which there was conflicting evidence, and they were settled by the verdict of the jury. The defendant claimed that the oilcloth had been removed just one month before the alleged accident, and also that the plaintiff did not fall at the place or in the manner indicated by her or her witness. Both of these facts being found against the defendant, there is no reason to interfere with the conclusion the jury reached regarding them.

The principal contention of the appellant is that the proof wholly fails to show that the plaintiff was free from contributory negligence. She testified that from the time she began her occupation of the rooms (about the 19th of January) the oilcloth was filled with holes, and other witnesses testified to the same fact. On her testimony the hallway was an unsafe place, and it is beyond question that she knew and thoroughly understood it to be such. The point made by the appellant is that under such circumstances, and with the plaintiff's knowledge, she was bound to exercise extraordinary care in traversing this hallway, and that the proof fails to show that she did exercise that degree of care required of her. It is not claimed that it would be contributory negligence on the part of this tenant to use this hallway in its unsafe condition. Although the plaintiff had knowledge of the condition, that did not necessarily charge her with contributory negligence, as matter of law, in continuing to live on the premises and to pass over the hallway. It imposed upon her the duty of using due care to avoid danger, and it cannot be said that she failed in that respect by not constantly having in mind the exact locality of the holes in the oilcloth. Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114. The accident happened on a snowy afternoon in March, and the plaintiff's testimony indicated that she was walking

along towards the stairway in an ordinary and usual way. The hallway was dark. It was for the jury to say whether she was guilty of contributory negligence, and it cannot be held, as matter of law, on this record, that she was chargeable with any negligent act or omission that contributed to the accident.

The plaintiff's counsel asked the court to charge "that the plaintiff was not bound, as matter of law, to keep her mind constantly fixed upon the condition of the hall; nor was she necessarily chargeable with negligence if her thoughts or attention were momentarily diverted from it by natural or unavoidable circumstances." The court substantially charged that, and then the plaintiff's counsel said, "Nor was she responsible for it if her mind was diverted from it by ordinary cause." To which the court replied, "If she was reasonably prudent." The counsel for the defendant excepted "upon the specific ground that there is no evidence in the case that her mind was diverted, or that her attention was distracted." This exception does not raise any substantial question. The charge of the judge was correct respecting the duty of the plaintiff. The court still adhered to the proposition that, no matter what may have been the situation of the plaintiff at that time, she was bound to reasonable prudence. That is precisely what was required of her; the phrase, "if she was reasonably prudent," being the equivalent of "using due care."

The defendant's counsel requested the court to charge that: "If the jury find from the evidence that the plaintiff knew of the condition of the hall and of the holes in the oilcloth at the time of the accident, and did not take care to avoid the accident, the jury may find that she was not free from contributory negligence, and the verdict must be for the defendant"; to which the court replied, "Except as I may have charged, I will not charge it." A perusal of the main charge sufficiently shows that the substance of this request was fully covered.

The damages are not excessive, and the judgment and order should be affirmed, with costs. All concur.