## LEE v. INGRAHAM.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. LANDLORD AND TENANT—DEFECTS IN PREMISES—INJURY TO TENANT'S GUEST
—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

    The fact that plaintiff, who resided with a tenant in defendant's apartment house, was injured while walking down the common stairway at night after the gas was out, without relighting it, knowing that the carpeting on the stairway was defective, does not show contributory negligence, as a matter of law.

    [Ed. Note.—For cases in point, see. vol. 32, Cent. Dig. Landlord and Tenant, §§ 643, 680.]

2. SAME—CAUSE OF INJURY.

    Whether the ailments of which the plaintiff complained were due to her fall was, on conflicting evidence, a question for the jury.

Appeal from Trial Term, Kings County.

Action by Mary Lee against Winifred A. Ingraham. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

George G. Reynolds, for appellant.
James C. Cropsey, for respondent.

WILLARD BARTLETT, J. The main question in this case is whether the plaintiff proved enough to justify the jury in exonerating her from contributory negligence. She resided with her sister, who was a tenant in an apartment house belonging to the defendant. A young cousin also resided with this sister. The plaintiff was sitting up late at night to let him in, and upon his arrival she endeavored to operate the automatic apparatus whereby the front door was usually opened, but found that it would not work. Thereupon she called to her cousin, telling him that she would come down herself and open the door. The carpet on the common stairway which she then undertook to descend was very much worn on the edges of several of the steps, "and on one or two of them the carpet stood out from the edge of the step like a pocket." The plaintiff was aware of this condition of things, but nevertheless, while going down in the dark on this occasion, caught her heel in the carpet, and was thrown down and injured. That the defendant was legally chargeable with negligence on account of the danger created by the existence of the holes in the stair carpet is quite

apparent, but, in view of the plaintiff's knowledge that the holes were there, did the evidence in her behalf suffice to warrant a finding that she was free from fault contributing to the accident, or must she be deemed to have been guilty of contributory negligence, as matter of law? The circumstances that bear on this question are stated by the plaintiff as follows:

"I called down and told him I would come down and open the door. Well, I started downstairs to open the door; came down carefully. Came down very carefully, step after step, with my left hand on the banister, until I came to the last flight of stairs—that is, the first flight in front of the street —and, as I turned the newel post, I had to go down just one step from the platform before I could get my hand on the banister. I had my hand on the banister when I made—when I went to step down on the second step—and, as I attempted to put my right foot out another step, my heel caught in the carpet and I was thrown, and that is all I remember after that. There was no light in the hall at that time. No gaslight lit, nor any light from any other place or direction at all. It was a very dark night. It had rained that day and night."

In answer to an inquiry by counsel as to what she did to avoid getting caught by the carpet, the plaintiff further said:

"Well, I came down carefully. Of course, I knew the condition of the carpet, and, as there were no lights, I came down very, very carefully, picked my way, and kept my left hand on the banister all the way down until I tripped. We had nothing but a very large parlor lamp in our apartment, which it would simply be impossible for me to carry. I had never been down that flight of stairs in the nighttime before, after the gas had been put out."

The learned counsel for the appellant argues that the plaintiff's statement that she was very, very careful amounts to nothing. It may be conceded that if this assertion stood alone, being merely a conclusion based on undisclosed facts, it would hardly be enough to constitute satisfactory proof that the plaintiff had exercised the care of an ordinarily prudent person. But the plaintiff's declaration that she descended the stairs carefully does not stand alone. It is supplemented and made specific by her further testimony to the effect that she came down step by step—importing slowness and deliberation—and picked her way, and kept her left hand on the banister all the way down until she fell. These certainly were some acts importing the exercise of prudence. She might, it is true, have observed greater precaution by lighting the gas in the hall before she started to go down; and, if the jury had imputed imprudence to her on this account, the court would not interfere with their conclusion of fact to that effect. I do not think, however, that her failure in this respect rendered her chargeable with contributory negligence, as matter of law, or required the court to take the question away from the jury. As was said in Peil v. Reinhart, 127 N. Y. 381, 385, 27 N. E. 1077, 1078, 12 L. R. A. 843:

"Her previous knowledge of the condition of the passageway on the stairs imposed upon her the duty to exercise a greater degree of care than otherwise may have been required of her. * * * And while the question may have been a close one of fact, it could not properly be held, as matter of law, that the plaintiff was guilty of contributory negligence."

The action of the trial judge in refusing to dismiss on this ground is also sustained by the case of Kenney v. Rhinelander, 28 App.

Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 376, 57 N. E. 1114.

The defendant contended upon the trial, and introduced testimony tending to prove, that the ailments of which the plaintiff complained were due, not to her fall upon the stairway, but to an antecedent cause. The evidence on this subject was rather conflicting, and not so clear and conclusive as to compel the adoption of the defendant's view.

The testimony as to the plaintiff's fondness for society before the accident, which is criticised in the brief for the appellant as having been improperly received, can hardly have done any harm, as the motion to strike it out was promptly granted in the first instance, and it was promptly stricken out by the court without any motion by counsel in the second instance, and the jury were distinctly and immediately directed to disregard it.

We find nothing in this case which would warrant us in interfering with the result reached below. It follows that there must be an affirmance.

Judgment and order affirmed, with costs. All concur.