BARNETT v. COHEN.

(Supreme Court, Appellate Term. June 3, 1908.)

MASTER AND SERVANT—DISCHARGE—FAILURE TO PAY EMPLOYÉ.

Failure by an employer to pay his employé as required by contract is not tantamount to a discharge, so as to entitle the employé, who left his employment because of such failure, to maintain an action as for a wrongful discharge.

Appeal from City Court of New York, Trial Term.

Action by Morris A. Barnett against Isaac Cohen. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Moses Feltenstein, for appellant.
Ira A. Miller, for respondent.

GREENBAUM, J. The gravamen of plaintiff's complaint is that on March 23, 1907, he was wrongfully discharged by the defendant, with whom he had a contract of employment for one year, ending November 17, 1907. Upon the facts as testified to by the plaintiff, he left the defendant's employ, not because he was discharged or told to leave by defendant, but because the latter refused to pay him the balance of $180 apparently concededly due plaintiff at the time when he ceased working for defendant.

The plaintiff was clearly justified in his refusal to continue to

work for the defendant upon defendant's failure to observe his obligation of payment (Johnson v. Tyng, 14 App. Div. 270–275, 43 N. Y. Supp. 435); but that is quite a different proposition from holding that such a breach on the part of the defendant was tantamount to a discharge (Wheaton v. Higgins [Sup.] 90 N. Y. Supp. 1041). The plaintiff could have continued in defendant's employ and brought suit to recover the amount due him, or he might have rescinded the contract and refused to work thereunder. Wharton v. Winch, 140 N. Y. 287, 35 N. E. 589. Plaintiff's action operated as a rescission of the contract and a voluntary abandonment of the contract of employment.

The complaint, however, also seeks recovery of the sum of $180 due under the contract, and the evidence uncontradictedly establishes that this sum was due the plaintiff on March 23, 1907. Inasmuch as the facts cannot well be changed upon a new trial, the judgment will be modified, by reducing the verdict to the sum of $180 and interest thereon from March 23, 1907, with costs below to plaintiff as taxed, and without costs to either party in this court.

Judgment modified accordingly. All concur.