DOMUSH v. ABRAHAM et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—NONSUIT—EVIDENCE CONSIDERED.

On appeal from the dismissal of the complaint at the close of the plaintiff's testimony, the testimony of the plaintiff and her witness must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. LANDLORD AND TENANT (§ 169*)—INJURY TO TENANT—SUFFICIENCY OF EVIDENCE—NEGLIGENCE OF LANDLORD.

In an action by an occupant of a tenement house for injuries resulting from a fall, caused by a hole in the hallway, which was under the control of the defendants, evidence *held* sufficient to show negligence on the part of the defendants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644-646, 664-667, 681-684; Dec. Dig. § 169.*]

3. LANDLORD AND TENANT (§ 168*)—INJURIES TO TENANT—CONTRIBUTORY NEGLIGENCE.

The fact that an occupant of a tenement knew of the existence of a hole in the hallway did not necessarily charge her with negligence, con-

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tributing to injuries resulting from a fall caused by her stepping into the hole.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§. 642, 643, 661, 662, 680; Dec. Dig. § 168.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edith Domush against Leo Abraham and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial. ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Nathan Zvirin, of New York City (Jacob C. Brand, of New York City, of counsel), for appellant.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for respondents.

PER CURIAM. [1] The plaintiff sued to recover damages for personal injuries received by her and caused by slipping into a hole in the floor of a hallway of a tenement house occupied by her. At the close of the case the complaint was dismissed, and therefore the testimony of the plaintiff and her witnesses must be taken as true.

[2] It was conceded that the halls of the house were under the control of the defendants. It was shown that for some two or three months prior to the accident there had been existing a hole about 1½ inches deep and 1½ feet long in the tiled floor of the hallway; that plaintiff had complained to the janitor of this defective condition over two months prior to the accident; that the hall was 10 feet long and from 5 to 6 feet wide, with a dim light burning therein; that on the day of the accident the plaintiff, accompanied by two children, were returning to their home, they living on the second floor of the premises; that they entered this hallway, and as plaintiff came near the stairway leading to her rooms her foot caught in this hole, and she was thrown, sustaining a sprained ankle. This was sufficient to show negligence on the part of the defendants.

[3] The fact that she knew of the existence of the hole did not necessarily charge her with contributory negligence. Keating v. Mott, 92 App. Div. 156, 86 N. Y. Supp. 1041; Lee v. Ingraham, 106 App. Div. 167, 94 N. Y. Supp. 284. The case should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.