## HILL v. RAYMOND.
### No. 6473.

United States Court of Appeals for the District of Columbia.

Argued Nov. 7, 1935.

Decided Dec. 23, 1935.

Arthur G. Lambert and George L. Hart, Jr., both of Washington, D. C., for appellant.

Michael F. Keogh and Peter G. Chaconas, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, brought suit against the defendant, his landlord, for damages for injuries sustained by the plaintiff from a fall on the common stairs of premises leased by the plaintiff from the defendant. At the conclusion of the plaintiff's testimony, the court directed a verdict for the defendant, and from the judgment thereon this appeal was taken.

It appears that the tenement house or flat where the accident occurred is three stories high, containing four apartments, one being located on each of the first and second floors and two on the third floor.

Plaintiff, on the 5th day of January 1933, rented from the defendant a two-room apartment on the third floor of the building, which he occupied with his family from January 5 until February 15, 1933, the date on which the accident occurred. It is conceded that the only way of reaching the apartments on the second and third floors was through common hallways and a common stairway. It is also conceded that the hallways and stairway were not lighted nor, so far as the record discloses, were there any facilities furnished for lighting. In this situation, plaintiff, on the date of the accident, at 6:30 a. m., before sunrise in the morning, left his apartment to go to work. The passageway and stairway leading from the third to the second floor was dark. The stairway was not provided with a handrailing, and plaintiff, in feeling his way down the stairs, fell and sustained the injuries of which he complains. Plaintiff testified that during the term of his tenancy he had used the stairway both day and night, that the stairway was as dark on other nights as on the date of the accident, and that the passageway, stairway, and treads on the steps, together with the lighting conditions, were in the same condition on the date of the accident

as they had been at all other times during his tenancy.

Plaintiff based his right to recover upon the negligence of the defendant in failing to light properly the halls and stairway and in failing to maintain the treads of the stairway at the width required by the regulations of the District. Section 294, title 25, 1929 Code, D. C., requires the owner of any building three or more stories high, which is used as a tenement house, apartment house, flat, hotel, etc., to provide "one or more suitable fire escapes, in such location and numbers and of such material, type, and construction as the Commissioners of the District of Columbia may determine." The same act, section 296, requires the owner or a person in control of such a building as above described, among other things, to provide, install, and maintain "hall and stairway lights, * * * of such type and character as the Commissioners of the District of Columbia may determine."

Plaintiff introduced in evidence the following regulations made by the District Commissioners on August 16, 1907, pursuant to the authority vested in them by the act of Congress above mentioned, which provide as follows: "All halls, corridors, passageways, stairs, and exits to fire escapes, in a building used and occupied at night, must be lighted from sunset to sunrise as follows: 'white light at head and foot at each flight of stairs, same at intersection of halls, corridors, or passageways, and at least one such light at the center of hallway when the same is at least forty feet long, and one at each guide sign.'"

Counsel for plaintiff also relied on certain regulations of the District made pursuant to the act of Congress of June 14, 1878, 20 Stat. 131, certified to have been in full force and effect at the time of the accident. These regulations read in part as follows: "The following requirements apply to all interior stairways constituting required means of egress. In buildings two or more stories in height, one stairway shall extend from the first floor to the uppermost floor, and furnish a means of egress to each and every story. * * * The maximum pitch allowed for class B stairs will be 45. Stairs shall have a maximum clear width of 32 inches inside handrails. The treads, exclusive of nosings, shall be not less than 9 inches wide."

It is contended by counsel for defendant that the act of Congress and the regulations are not retroactive, and, as such, have no application to the present building, which, so far as the record discloses, was erected prior to their enactment. The statute, we think, clearly is intended to be applicable to all buildings existing on the date of the passage of the act, or that might thereafter be built and maintained for the purposes therein mentioned. As to new buildings, it would constitute part of the construction; as to old buildings, it would call for the placing of lights in halls and stairways where lights had not theretofore been provided. This was a reasonable requirement placing no great burden upon the owner of the property in which lights had to be placed. The regulation promulgated under the act is in the nature of a police regulation, and is intended as a safeguard against accidents, not only in buildings to be erected but to those already in existence and being used for the purposes named in the act.

We will now consider the alleged negligence of the defendant in failing to reconstruct stair treads of the proper width and to place lights in the hallways and stairway, as required by the statute and regulations. While it may be going too far to say that this amounts to negligence per se, it is certainly such evidence of negligence as would be proper for the consideration of the jury. In New York, under a similar statute, it has been held in Brown v. Wittner, 43 App. Div. 135, 59 N.Y.S. 385, that the failure to have a light burning in a tenement house hallway is in violation of the statute, and that, where injury occurs as the result of that failure, a right of action arises in favor of the injured party; and the issue of defendant's negligence is for the determination of the jury. This rule is sustained in Lendle v. Robinson, 53 App.Div. 140, 65 N.Y.S. 894, 896; Ziegler v. Brennan, 75 App.Div. 584, 78 N.Y.S. 342; Lichtman v. Rose (Sup.) 110 N.Y.S. 835; Gillick v. Jackson, 40 Misc. 627, 83 N.Y.S. 29; Greenfield v. Doepfner, 49 Misc. 651, 97 N.Y.S. 1043.

We think, in view of the evidence, that this is not a case where the noncompliance with statutory and ordinance regulations would compel a finding by the jury that the negligence of the defendant was conclusively established. While, of course, with respect to the concrete case, defendant is chargeable with knowledge of the law and ordinance, and was negligent in failure to comply therewith, the failure to perform

the duty thus imposed, together with all the other circumstances in the case, is to be regarded as a matter of evidence rather than a positive obligation. "The failure to perform a duty imposed by statute, where, as the consequence, an injury results to another, is evidence upon the question of negligence of the party chargeable with such failure." McRickard v. Flint, 114 N. Y. 222, 21 N.E. 153.

Coming to the question of contributory negligence on the part of the plaintiff, we think the law is well settled that the mere continued use of a tenant of common stairs and hallways of the tenement premises, when he is aware of the failure of the owner to provide lights, as required by the statute and municipal regulations, does not constitute contributory negligence as a matter of law, but merely raises a question for the determination of the jury. This situation is closely analogous to cases where tenants or persons accustomed to using a stairway and knowing of defects therein are injured as a result of those defects. In such cases, where the accident results on a common stairway or in a common hallway, and not one privately used and maintained alone for the benefit of the tenant, the question of contributory negligence is one for the determination of the jury under all the circumstances in the case. In Lendle v. Robinson, supra, the court said: "It is urged by the appellants that, knowing the place was dark and dangerous, she should have taken a light. Whether or not a person is guilty of negligence in not carrying a light under such circumstances was raised, considered, and passed upon in the case of Kenney v. Rhinelander, 28 App.Div. 246, 50 N.Y.S. 1088, recently affirmed in the Court of Appeals [163 N.Y. 576, 57 N.E. 1114] on the prevailing opinion of the appellate division.

There suit had been brought to recover for injuries sustained by a fall in a hallway after 10 o'clock at night, when there was no light, caused, as alleged, by a torn carpet on the stairs. As therein said: 'We cannot adopt as a fixed rule that it is, in and of itself, contributory negligence for a person to use a stairway under such circumstances without providing himself with a light. Whether or not it was his own negligence in doing so is a question that must be left to the jury.'" This rule is supported in Peil v. Reinhart, 127 N.Y. 381, 27 N.E. 1077, 1078, 12 L.R.A. 843; Keating v. Mott, 92 App.Div. 156, 86 N.Y.S. 1041; Lee v. Ingraham, 106 App.Div. 167, 94 N. Y.S. 284.

Counsel for defendant places reliance on the case of Staples v. Casey, 43 App. D.C. 477, but that case is not in point, since the accident occurred on premises leased and occupied entirely by the plaintiff, with full notice of the defective condition of the stairway at the time the premises were leased and possession acquired. There, the stairway was entirely under the control of the tenant, and was not a common stairway provided for the convenience and use of all persons occupying the premises. As was said in Peil v. Reinhart, supra, "the question presented would have been quite different if the staircase had been part of the premises demised to the plaintiff. Then the evidence may not have warranted a recovery by her, and many of the cases cited by the defendant's counsel would have been applicable. But the stairway was not under the control of any of the tenants, but was provided by the defendant for the common use of those having occasion to pass to and from the rooms which they occupied as his tenants."

The judgment is reversed, with costs.