## AIKEN v. ALLMAN.

### No. 666.

Municipal Court of Appeals for the District of Columbia.

Oct. 27, 1948.

Herman Miller, of Washington, D. C., for appellant.

P. Bateman Ennis and Guy M. Bayes, both of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, HOOD, Associate Judge, and SCOTT, Associate Judge, Municipal Court for the District of Columbia (sitting by designation).[1]

HOOD, Associate Judge.

Plaintiff recovered a judgment for damages for personal injuries sustained when she fell down a flight of steps in a rooming house operated by defendant. Plaintiff went to the house to visit a friend who had a room on the second floor. To reach the second floor plaintiff walked up a flight of stairs used in common by the roomers and their guests. When leaving plaintiff reached for the bannister and felt for the top step but missed both and fell to the bottom of the stairs.

It was the duty of defendant to use reasonable care to keep the stairway properly lighted,[2] and it was claimed that he failed in his duty in this respect. The evidence was that although the accident occurred in the daytime the day was dark and rainy and the stairway was dark and there was no light on at the head of the stairs. The stairs curved at the top and the top step was two or three inches wide at one end and eight or ten inches wide at the other.

Defendant does not argue that the evidence did not present a jury question as to his negligence but he contends that the court should have held plaintiff guilty of contributory negligence as a matter of law because she attempted to descend the stairs in the same darkened condition she found them on ascending. This contention cannot be sustained.

Although there are exceptional cases where the evidence and the inferences to be drawn therefrom are so clear that contributory negligence may be said to exist as a matter of law, whenever reasonable men may honestly differ either as to the facts or the inferences to be drawn from the facts, both negligence and contributory negligence are questions of fact.[3]

In Hill v. Raymond, 65 App.D.C. 144, 146, 81 F.2d 278, 280, where the facts were somewhat similar to those in the present

1 Code 1940, Supp. V, § 11—771.

2 Kay v. Cain, 81 U.S.App.D.C. 24, 154 F.2d 305; cf. Phillips v. Capital Investment & Guaranty Co., D.C.Mun.App., 32 A.2d 249.

3 Yellow Cab Co. of D. C., Inc. v. Griffith, D.C.Mun.App., 40 A.2d 340; Walker v. Dante, 61 App.D.C. 175, 58 F.2d 1076; Wagar v. Stalcup, 64 App.D.C. 50, 73 F.2d 986; Gleason v. Academy of the Holy Cross, U.S.App.D.C., 168 F.2d 561.

case, the court said: "Coming to the question of contributory negligence on the part of the plaintiff, we think the law is well settled that the mere continued use of a tenant of common stairs and hallways of the tenement premises, when he is aware of the failure of the owner to provide lights, as required by the statute and municipal regulations, does not constitute contributory negligence as a matter of law, but merely raises a question for the determination of the jury. This situation is closely analogous to cases where tenants or persons accustomed to using a stairway and knowing of defects therein are injured as a result of those defects. In such cases, where the accident results on a common stairway or in a common hallway, and not one privately used and maintained alone for the benefit of the tenant, the question of contributory negligence is one for the determination of the jury under all the circumstances in the case."

The question of plaintiff's contributory negligence was properly submitted to the jury.

Affirmed.