McBRIDE, Judge.
The only contention advanced by defendant-appellant is that the award of $2500 to Mrs. Jacqueline Aucoin representing personal injuries sustained in an automobile *519 accident on December 14, 1963 is excessive and should be reduced.
Prior to and at the time of the said accident Mrs. Aucoin had pre-existing bursitis of the right shoulder; she was also complaining of a previous neck injury sustained in an accident which occurred on November 13, 1963.
In the automobile accident we are concerned with she sustained a bruised right shoulder and right hip. The impact of the collision threw her against the door of the automobile. She was immediately conveyed to a hospital where she was examined and discharged without confinement or treatment. Prior to the accident Mrs. Aucoin had been treated by Doctors Max Green-berg and George C. Battalora, Jr., for the bursitis and neck injury, and both these physicians continued treating Mrs. Aucoin after the accident of December 14, 1963. Neither appeared as a witness at the trial but their written reports were received in evidence by stipulation of counsel.
There is nothing in the medical reports which would lead to a conclusion that the pre-existing pathological condition of Mrs. Aucoin had been appreciably worsened by her last accident. From the reports it appears she suffered pain and discomfort but it is hardly possible to determine whether such resulted from the previous condition or from the last injuries. She was seen by Dr. Greenberg on two occasions and was treated by Dr. George Battalora, Jr., on five occasions. During the course of her treatments she was given pain-killers and advised to use traction at home which she did intermittently for a period of several weeks. The reports are devoid of any evidence that the patient suffered any permanent injuries or any fractures and apprise us that normal recovery could be expected.
Much discretion is vested in a trial judge with reference to awarding damages for personal injuries and the appellate court will not interfere therewith unless vhe court below abuses its discretion. Considering all of the elements in this case we are of the belief that there was an abuse of discretion below; the award is excessive as appellant contends and our opinion is that it should be reduced to the sum of $1000 which we feel is adequate compensation for the injuries.
Therefore, the judgment appealed from insofar as it awards $2500 to Mrs. Aucoin is amended so as to decree that said plaintiff is entitled to the sum of $1000 for her personal injuries, and as thus amended and in all other respects the judgment is affirmed; cost of appeal to be paid by Mrs. Aucoin.
Amended and affirmed.