JANVIER, Judge.
This is a suit resulting from a fall by Mrs. Doris Hernandez on April 16, 1964, on the sidewalk alongside the A & G Restaurant, which is located on the lake side of the Loew’s State Theatre, Elks Place, near Canal Street in the City of New Orleans. It is alleged that she fell because there was a dangerous and slippery film of grease and soap on the sidewalk, which had resulted from carelessness of an employee of the restaurant.
Defendant is the liability insurance carrier of the restaurant. The restaurant itself was not made defendant. Trial by jury was prayed for.
The defendant admitted the occurrence of the accident, but denied that there had been fault on the part of the restaurant; charged that the fall had resulted from the negligence of plaintiff herself, or, in the alternative, that plaintiff’s contributory negligence had caused it.
There was a verdict in favor of plaintiff in the sum of $6,000.00 in which the jury apparently included the stipulated amounts of the medical and hospital bills, which bills totaled $461.00. Based on this verdict, the District Judge rendered judgment in favor of plaintiff in the sum of $6,000.00, and further judgment fixing and awarding the fees of the two medical experts in the sum of $100.00 each. From this judgment defendant appealed suspensively and has stressed the contention that the amount awarded is excessive.
The record leaves no doubt at all of the fault of the restaurant. It was its custom to have an employee wash, on the sidewalk, the floor boards taken from the kitchen, and it is admitted that soap was used in this process and that this is a dan *306 gerous practice. A night manager of the restaurant stated that they washed the boards on the sidewalk because there was no other place. When asked whether that practice was not “dangerous to everybody”, he answered: “Right, sir.”
We are further convinced that plaintiff was not at fault in failing to notice this dangerous condition. It is conceded that the sidewalk was wet, but there was no reason for plaintiff to suspect the soapy condition, or to take special care in traversing the sidewalk just as others, including her escort, were doing.
The fall occurred at about 11:30 o’clock at night as plaintiff and her escort had left after the last performance at a moving picture theatre, and she says that she was very much embarrassed by the condition of her clothing. “I had this greasy stuff all down my dress, my coat. All down one leg, my shoe. My purse, my hands.”
She went home in a very nervous condition, and on the next day was suffering so severely that she visited her family physician, Dr. DiCristina. He found that her left hip was contused; that there were abrasions to the left knee, and that the left ankle was swollen. Apparently he knew of a previous condition and says that he took a “urinalysis” but found no abnormality and no bacteria. He found some redness in the vagina and the vulva. He did not see her again until December, some eight months later, when he did see her for a condition which he says had no relationship to this accident.
Plaintiff continued to suffer and had one of her sons take her to the Oschner Foundation Hospital where she was examined. At first it appeared that she had only bruises and contusions and an injured back. However, she continued to suffer and it was thought best to hospitalize her and this was done. There she was admitted to the service of Dr. Paul J. Murison. At the hospital it appears that she was examined by Dr. Paul D’Comb. Dr. Murison did not say that he had at the time found what her condition was, but apparently he was advised of her condition by Dr. D’Comb, and he says that during the next several days she was quite sick with fever and marked diarrhea and pain, and that, in fact, those conditions overshadowed the back and hip pain. Dr. Murison says that during the next several days her temperature subsided and her abnormal pain and discomfort and diarrhea greatly cleared up. However, urinary tests developed the fact that she had a tract infection which included pyelitis and colitis. She remained in the hospital for eight days and then was treated as an outpatient for five or six days more. Dr. Mur-ison was asked whether or not these conditions could have resulted from the fall, and he stated that the fall could not have caused them, but could have lighted up the conditions which had previously existed, and the record leaves no doubt that she had been treated for such conditions previously. After the treatment for a few days as an outpatient, she did not return to the hospital and says that, after two months, she had returned to the condition in which she was before the accident
She frankly admitted this as evidenced by the following testimony: “I guess a couple of months I was about myself.” She was asked: “A couple of months following the time you left the hospital?” and she answered, “Yes.” She also testified:
“Q. After that you were all right, you were just as you were before the accident ?
A. Yes.
Q. Have you had any difficulties since that time?
A. No.”
The only question, therefore, which confronts us is whether or not the amount of the award is excessive. The amounts of the hospital and medical bills were stipulated, and if we deduct them from the total award we find that slightly more than $5,- *307 500.00 was awarded for her suffering, embarrassment and humiliation.
Counsel in his argument devoted himself largely to the humiliation and embarrassment and contended that this entitled her to a substantial award in addition to her physical injuries.
We have given considerable study to how excessive an award must be to justify its reduction by an appellate court. We fully agree with what was said by th,_ Circuit Court of Appeal for the Third Circuit in Mose v. Allstate Insurance Company, 188 So.2d 477, as follows:
“The trial judge has 'much discretion’ in the award of general damages for personal injuries, and the award made by him should not be disturbed on appellate review unless there has been an abuse of that discretion. LSA Civil Code Art. 1934(3); Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. * * * ”
In that case the Court declined to reduce as excessive an award of $1,750.00 to a man who had been knocked unconscious and sustained physical injuries. He was hospitalized for six days and during that time he was placed in cervical traction. After discharge from the hospital he was required to wear a cervical collar for three weeks, and after complete discharge he complained that he still had trouble with his neck.
In Aucoin v. Great American Insurance Company, La.App., 187 So.2d 518, we reduced an award of $2,500.00 to $1,000.00 where a woman sustained physical injuries and it could not be determined whether a pre-existing physical condition had been “apparently worsened” by the accident. It is true that the previous conditions from which Mrs. Hernandez suffered were somewhat “worsened” by the accident, but this “worsened” condition was temporary and disappeared after two months.
We feel that the award of the jury was sufficiently excessive to justify its reduction to $3,500.00.
Accordingly, the judgment appealed from is amended by the reduction of the amount thereof to $3,500.00 and in all other respects it is affirmed; costs of appeal to be borne by appellee.
Amended and affirmed.