TUCKER, Judge.
This is a suit for damages for injuries sustained by plaintiff Willie Garner when he slipped and fell on the sidewalk immediately adjacent to a store building in Cov-ington, Louisiana, owned by defendant Lennie L. Crawford. Plaintiff brought suit initially for Three Hundred Fifty-Four Thousand Five Hundred Ninety-four and no/100 ($354,594.00) Dollars, and joined defendant Crawford’s liability insurer, United States Fidelity and Guaranty Company.
The accident in this case occurred when plaintiff, an elderly gentleman of eighty-three years was walking along a sidewalk immediately adjacent to defendant Crawford’s building, and slipped while attempting to traverse a wet spot caused by the leaking of a faucet attached to the side wall of defendant’s building. The evidence establishes that this faucet had been dripping from the mid-winter of the previous year until the day of the accident, July 8, 1970, and that it had been dripping with Mr. Crawford’s full knowledge. A slick of algae and slime 18 to 30 inches in diameter had formed as a result of this dripping.
When plaintiff slipped and fell, he suffered an intertrochanteric fracture of the right hip, for which he underwent surgery several days after the accident, at the Veterans Administration Hospital in New Orleans. He remained there until August 11, 1970, at which time he was transferred to the Forest Manor Nursing Home where he convalesced until January 8, 1971.
The defendant was found negligent in the trial court; and judgment was given in plaintiff’s favor, awarding him $1,914.00 for the expenses of his treatment at the Veterans Hospital, and for expenses incurred at the nursing home, $2,114.00, or Four Thousand Twenty-eight and no/100 ($4,028.00) Dollars, in toto for reimbursement of the United States Government. In addition the trial court awarded plaintiff Fifteen Thousand Dollars for personal injuries.
*888 Defendants have appealed from this judgment alleging error by the trial judge on three grounds: (1) in concluding that Mr. Crawford was negligent in allowing “this trickle of water” to continue after observing leakage on one occasion; (2) in not holding plaintiff contributorily negligent in undertaking to walk across an obviously slimy surface when he could easily have crossed the street and proceeded on a safe surface; and (3) alternatively, in awarding an excessive quantum. Plaintiff answered the appeal asking that the quantum be increased to $28,028.00.
In affirming the trial court on the issue of defendant’s negligence, we find that the evidence preponderates to the effect that the faucet in question had been leaking for a long time, that it had created a condition hazardous to the passing public; that Mr. Crawford had been well aware of the condition and its danger for some time prior to the accident, and that he was negligent in failing to correct it.
The issue of plaintiff’s contributory negligence is more serious. To have been guilty of contributory negligence in “assuming the risk” of walking through the wet place on the sidewalk, which plaintiff freely admits that he saw, plaintiff must be found to have clearly understood the danger involved; or it must be found that a reasonable and prudent man similarly situated would have understood to do so. Peeples v. Dobson, 99 So.2d 161 (La.App.2d cir. 1957) and Hernandez v. Employers Liability Assurance Corporation, 195 So.2d 304 (La.App. 4th cir. 1967).
 Generally, a relaxed standard of care is required in the contributory negligence situation by persons who are subject to the infirmities of old age. The rationale appears to be essentially the same as that employed to exculpate young children from contributory negligence. In the case of LaCava v. City of New Orleans, 159 So.2d 362 (La.App. 4th cir. 1964), the Court embraced the rule stated in 65 C.J.S. Negligence § 141, as follows:
“Aged Persons:
A person, whose senses are blunted by * * * old age, is not guilty of contributory negligence where his failure to use that degree of care, which an ordinarily prudent person would use under the same or similar circumstances, is due to such disability.”
Nonetheless, the trial judge found the plaintiff to be spry and alert and to have had good eyesight. Three other witnesses testified to having slipped at the same spot, but being younger and a little more agile than plaintiff they did not suffer such severe injuries as his. In applying the “reasonable and prudent man” principle of assumption of risk the trial judge said:
“At the time of the accident the plaintiff was 83 years old but seemed to get around pretty well for his age. The Court believes that the circumstances existent here allowed the plaintiff to reasonably anticipate that the sidewalk was safe for his passage and he could with reasonable diligence walk down the sidewalk in safety. The water on the walk was not of such an appearance that it revealed it’s true danger.”
We find that the evidence upholds the trial judge in his opinion that plaintiff was not contributorily negligent so as to bar his recovery.
In affirming the trial judge’s award of $15,000.00 for plaintiff’s personal injuries, we note that plaintiff had been receiving an award for total disability ever since contracting tuberculosis in World War I. We note, also, that he was ambulatory at the time of the trial and confined neither to a walker, nor to a wheelchair. Nevertheless, in view of the extremely serious injuries which plaintiff sustained, requiring surgery and a long, painful period of immobilization and recuperation and a subsequent, substantial degree of disablement, we find the trial judge’s award reasonable. Prior to the accident herein litigated plaintiff seems to have been unusual *889 ly able for an octogenarian. Since his accident he is no longer able to ambulate to the post office and grocery store, as formerly. He can no longer fish and hunt. He can no longer “putter around” or perform the little carpentry jobs in which he engaged prior to his accident. We find the trial judge’s award of damages neither excessive nor inadequate. The limitation in the trial court’s judgment of the amount for which defendant United States Fidelity and Guaranty Company is liable in accordance with the terms of its policy insuring its co-defendant constitutes a correct determination, and the amount of liability in excess of such policy limits is correctly charged to the defendant, Lennie L. Crawford.
For the foregoing reasons the judgment of the trial court is affirmed, at appellants’ costs.
Affirmed.